DAVIS, appellant, *v.* CLARK, respondent.

PLEADING — *new matter — replication.* Whenever the answer in a cause pending sets up new matter, authorized and constituted by statute as a defense in such action, a replication is necessary, or such new matter will be held as admitted by plaintiff, and he will not be allowed to introduce testimony to contradict or disprove such admissions.

LIMITATION — *general and special provisions.* The general law of limitation of actions for the recovery of real estate is limited by special provisions applicable to placer mines and quartz lodes. The specific and not the general law must control such cases.

*Appeal from Second District, Deer Lodge County.*

THIS action was instituted to try the title and recover possession of certain quartz mining ground, claimed by the appellant under title from the earlier discovery and location as the "Original Lode," and adversely claimed by respondent under a subsequent location, as authorized by statute, and actual adverse possession for more than one year.

CHUMASERO & CHADWICK, for appellant.

There is no new matter contained in the answer that requires a replication. See Practice Act, §§ 56, 57, 73, 74.

Pleading title in defendant or an adverse possession is equivalent to a denial of the title and possession of the plaintiff, and nothing more.

The statute (Cod. Sts. 591–2) does not change the rules of pleading in actions to recover the possession of realty.

The portions of answer requested to be stricken out by plaintiff constituted no defense, and the motion should have been sustained.

It was error to reject the evidence offered by plaintiff.

SHARP & NAPTON, for respondent.

The evidence offered by plaintiff was properly rejected. The facts constituting the third defense in answer were not denied, and therefore admitted. Judgment should have been given to defendant on the pleadings.

The defense is new matter, required by statute to be pleaded. See Cod. Sts. 592.

Where the onus of proof of any allegation is thrown upon defendant as to such, it is new matter. In California new matter in answer is considered denied without a reply.

Affirmative allegations may be mere denials, but not allegations of adverse possession. Possession might have been in plaintiff at the commencement of the action, and adverse possession in the defendant. Defendant may have been the owner and plaintiff tenant.

The statute defines adverse possession. Cod. Sts. 592, § 4; *Simson* v. *Eckstein*, 22 Cal. 580 ; *Le Roy* v. *Rogers*, 30 id. 229.

Courts of equity follow courts of law in regard to limitation. Angell on Limitations, 396, 399, 401.

WADE, C. J. This is an action to quiet title. The plaintiff alleges that on the 12th day of August, 1864, his grantors and predecessors in interest discovered on the public lands of the United States, in the Summit Mining District, county of Deer Lodge, a certain quartz lode, bearing copper, silver and other precious metals, which was then named, and since has been known as the " Original Lode," which was recorded according to law ; that plaintiff is the owner of the undivided one-half of claim number one, east from discovery ; that the grantors, and predecessors in interest of the plaintiff, have been, and the plaintiff is in the actual possession of the undivided one-half of said claim ; that defendant wrongfully, and by reason of a pretended relocation, claims an estate therein adverse to the plaintiff, whereby a cloud is created upon plaintiff's title. He asks judgment that he be decreed the owner of the claim, and that the defendant be forever barred of all claim of any right therein, by reason of his pretended claim. The answer is a specific denial of each allegation of the complaint, and as a separate defense, avers that plaintiff or his grantors have never procured any patent to any portion of the " Original Quartz Lode," and that they, nor either of them, have been in the actual possession of any portion of said lode within one year next before the commencement of the action. As a further defense, the answer avers that the defendant, and his grantors and predecessors in interest, on the 25th day of May, 1872, went into the actual possession of said lode, and commenced working

thereon, and since that time have been in the peaceable possession thereof under a claim of title made in accordance with the laws of the Territory, and that such title has been adverse to that of the plaintiff for the period of more than one year next prior to the commencement of the action. There was a motion to strike out these separate defenses, which was overruled, and the cause was brought on to a trial upon the complaint and answer, no replication having been filed to the separate defenses set up in the answer. The plaintiff offered to prove the staking and record- ing of the claim in accordance with the requirements of the statute, and that ever since its location the plaintiff and his grantors have possessed the same; that no one had held the pos- session thereof adversely to the plaintiff, and that the lode was valuable for the precious metals it contained; which proof was excluded. The defendant moved for judgment upon the plead- ings, which motion was granted, and judgment entered accord- ingly.

The question we are to determine is this: Did the answer con- tain new matter constituting a defense to the action? If it did, a reply was necessary, and in default thereof the plaintiff ad- mitted the defendants' title, and possession of the property, and abandoned his claim thereto. There was no issue upon which testimony could have been introduced. Every material allega- tion of an answer, not controverted by a replication, shall, for the purposes of the action, be taken as true. When a defense is thus admitted, the plaintiff can introduce no evidence to maintain his action. He cannot dispute, by his testimony, his admissions upon the record. In the general limitation act, it is provided that in every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the premises shall be presumed to have possession thereof, within the time pre- scribed by law, and the occupation of the premises by another shall be deemed to have been under such legal title, unless it appears that such premises shall have been held and possessed adversely to such legal title for three years before the commence- ment of the action. If this statute controlled the case, the ques- tion herein could not arise. The defendant only claims adverse possession for the period of more than one year, next prior to the

commencement of the action. The limitation act referred to is general, and relates to real estate. It controls the right of action in those cases not specially provided for by law. In any class of actions, where the statute specially defined the limitation, the general act does not apply, and the particular act does not conflict · with the general act.

In actions to recover any quartz lode, the statute has made special provisions concerning the limitation of the right of action, and has provided what adverse possession, under a claim of title, shall constitute a defense to such action.

Section 2, Cod. Sts. 591, is as follows: " No action to recover any mining claim, whether placer or quartz, or any quartz lead or lode, or any interest therein, or possession thereof, unless the same be held under patent from the government of the United States, shall be commenced or maintained, unless that it is proved that the plaintiff, or his assigns, or predecessors in interest, were in the actual seizin or possession of such mining claim, quartz lead or lode, within one year next before the commencement of such action ; and unless it is further proved that such plaintiff, or his assigns, or predecessors in interest, have complied with the rules and customs of the mining district in which such placer claim is situated, or with the laws of the Territory relating to quartz leads and lodes, as to such claim, lead or lode."

Section 4 of the same act defines what shall be a sufficient defense to such action, as follows: " It shall be a valid and sufficient defense if .pleaded in any action to recover any mining claim, whether quartz or placer, or any quartz lead or lode, or interest therein, or the possession thereof, unless the same shall be held under patent from the United States government, for the defendant to prove that his assigns or predecessors in interest have been in peaceful possession of such mining claim, quartz lead or lode, under a claim or right, interest or title, made and continued in accordance with the rules and customs of the mining district in which the claim (if a placer claim) is situated, or with the laws of the Territory (if a quartz claim), and adverse to the claim, title or interest of the plaintiff,·for the period of one year next before the commencement of such action, and such adverse pos-

session, as above stated, for one year, shall be a bar to the action."

The averments of the answer, under the fourth section of the act above quoted, constitute a complete defense to the action, and in default of a replication these facts are admitted.

The plaintiff contends, that pleading title in the defendant or an adverse possession is a denial of the title and possession of the plaintiff, and that no reply was necessary to form an issue, and that there was no new matter set up in the answer.

In this the plaintiff is mistaken. Under an answer, specifically denying the allegations of the complaint, the defendant could not have proven the defense that the statute authorizes him to make. He could only disprove the plaintiff's case. The plaintiff alleges that he was in possession of the premises at the commencement of the action. Under a denial of this averment, the defendant could prove that the plaintiff was not in possession. He could not prove that he had held the adverse possession of the premises for the period of one year next prior to the date of the action under a claim of title.

To authorize this proof the matter should have been properly set forth as a defense, as it was, and when so set forth it was new matter. Being new matter constituting a defense to the action under the statute, the failure to reply was a confession by the plaintiff of the defendant's defense. There being no issue, the plaintiff admitting the defendant's right, there was nothing left upon which testimony could have been introduced.

The judgment is affirmed.

*Judgment affirmed.*