## BUCKINGHAM *v.* ORR.

(*Supreme   Court   of   Colorado, Spring   Term, 1883—Error   to   the   District Court of   Weld County*).

1.   CONTRACT—WHEN NOT UNDER SEAL.   The contract sued on is in the following words :

"GREELEY, COLO., May 1, 1873.
"One year after date I promise to pay to the order of E., W. & B., etc., * * secured by trust deed, duly stamped.          [SEAL.]
" [SEAL.]
"(Signed,)                    J. H. O.          [SEAL.]"

*Held*, Not to be a special contract under seal, but a promissory note merely.

2. STATUTE OF LIMITATIONS—PLEADING.    When the complaint upon its face states facts which show that the cause of action is barred by the statute of limitations, the latter may be availed of on special demurrer.    But when the complaint states facts from which, though the original claim was barred by the statute, a new promise may be inferred, and the answer alleges that no "cause of action on the contract sued on accrued within six years next before the bringing of the suit," this averment need not be denied in a reply—such denial would be but a repetition of the averment in the complaint.    In such case the complaint and answer make the issue. The rule is different when the complaint simply sets out the original contract, and the answer relies on the statute of limitations.    Then the answer must be met by replication setting up the facts which imply the new promise—else judgment may be demanded by defendant on the pleadings.

3. INTEREST—NEW PROMISE.    A monthly interest of three per cent. after maturity, provided for in the note, will be regarded *prima facie* as compensation for the use of the money, and not a penalty to compel payment thereof when due; and the interest will be allowed as stipulated.    The new promise to pay a note barred by the statute, operates as a re-delivery of the note at the date of such new promise, and must be governed by the same rules as though the note itself then came for the first time into existence.

HELM, J.    Suit was brought in this case to recover the balance due upon the following instruments of writing:

"$150.                    GREELEY, COLO, May 1, 1873.
"Ninety days after date I promise to pay to the order of Emerson, West & Buckingham, one hundred and fifty dollars, with interest at two per cent. per month from date until due, in advance, at the office of Emerson, West & Buckingham, Greeley, Colorado.    If not paid when due, to bear interest at three per cent. a month until paid.

"And we hereby authorize and empower any attorney at law, at any time after this obligation becomes due, to appear for us, before any Court in Colorado or elsewhere, and waive the issuing and service of process, and confess judgment against us and in favor of the payee above named, or assigns, for the said sum, interest and costs, and thereupon to release all error, and waive all right and benefit of a second trial or appeal in our behalf.
"Secured by trust deed.                    [SEAL.]
"Due August 1, 1873.                    [SEAL.]
                    "JAMES H. ORR.        [SEAL.]"

"$350.                    GREELEY, COLO., May 4, 1871.
"One year after date I promise to pay to the order of Emerson, West & Buckingham, the sum of three hundred and fifty

dollars, at the office of Emerson, West & Buckingham, Greeley, Colorado. If not paid when due, to bear interest at the rate of three per cent. a month until paid; and two per cent. per month from date until due, monthly in advance.

"And we hereby authorize and empower any attorney at law, at any time after this obligation becomes due, to appear for us before any Court of record in Colorado or elsewhere, and waive the issuing and service of process, and confess judgment against us and in favor of the payee above named, or assigns, for the said sum, interest and costs, and thereupon to release all error, and waive all right and benefit of a second trial or appeal in our behalf.

"Secured by deed of trust duly stamped. [SEAL.]

"Due May 4, 1871. [SEAL.]

"JAMES H. ORR. [SEAL.]"

We cannot agree with counsel for defendant in error that these instruments are specialties, or obligations under seal. They were written upon printed blanks; in each of these blanks opposite the signature of the maker, the word "seal" was printed three times, in printed brackets; but aside from this bare fact, there is nothing either on the face of the writings or elsewhere in the evidence which indicates an intention to execute sealed obligations. On the contrary, they are expressly termed promissory notes by the parties to the transaction in the trust deeds admitted in evidence; these deeds are mentioned in the writings themselves; they were executed at the same time, and conveyed property in trust to secure the payment of the sums of money evidenced by the instruments. The intention of the parties at the time of the transaction to execute and deliver promissory notes is too clear to admit of doubt; and we would be doing violence to the first rule of construction of contracts, were we to call them anything else.

One of the defenses relied upon is a bar by the statute of limitations. The complaint sets out various payments of principal and interest upon the notes, and shows that the last of such payments upon each was within six years next preceding the commencement of the action. The answer alleges that "no cause of action accrued in said writings within six years next before the bringing of suit." There is no specific denial in the replication of this averment in the answer. And defend-

ant in error contends that therefore the plea is admitted, and judgment should have been given in his favor.

A correct determination of the question of pleading presented involves, necessarily, a consideration of the effect, under the statute of limitations, upon the original contract and cause of action, of part payments of the principal or interest specified in a promissory note.

Different views have been expressed by learned jurists upon this question. But the generally recognized doctrine now is, that such payments, without any accompanying declaration or circumstance limiting their effect, whether made before or after the bar of the statute has attached, are, when found by the jury, acknowledgments of the obligation from which in actions upon simple contracts, the law infers a new promise to pay; the old demand and the moral obligation to pay the same constitutes the consideration which supports this new promise. But the new contract created thereby is in reality the *foundation of the action.* The original note or contract is still set out in the complaint, but the object in so doing is to show the inducement or consideration for the new promise, and also the terms and conditions of the new contract.

The bar by the statute is unquestionably a special privilege, of which the defendant may or may not avail himself. And formerly the suit was always brought upon the original cause of action, defendant pleaded the statute, and plaintiff replied the new promise; but we think this practice has now given way to a more logical one, particularly in States which have adopted the Code system of procedure. The action being upon the new promise, if the plaintiff merely declares upon the old contract, the bar appearing in his complaint, and states no facts from which a new promise should be implied, defendant may plead the statute by a special demurrer. *Smith* v. *Hall et al.,* 19 Cal., 85; *Hexter* v. *Clifford,* 5 Colo., 168.

If, therefore, plaintiff states in his complaint ultimate facts from which the law implies a new promise, such facts are not surplussage; they are the very essence of the action, and are necessary to prevent a successful attack by demurrer.

And the only reason why a failure to state them would not render the complaint obnoxious to a general demurrer is, that

defendant must specifically and affirmatively indicate his intention to invoke the statute, whether he pleads by demurrer or by answer.

If the answer contains proper denials of the facts averred in the complaint as the foundation of the new promise, the issue is made; the additional plea of the bar is only important as showing defendant's intention to claim the benefit of the statute.

It cannot be that in such case plaintiff must, in his replication, deny the plea and reply the new promise. He does not care to deny the bar of his action upon the old contract, for he relies upon the new one; and the new promise in his replication would be but a repetition of what he had already pleaded in his complaint.

If plaintiff fails to state in the first instance facts from which the new promise may be inferred, and the bar of the statute is pleaded by answer instead of demurrer, he must, of course, reply the new promise; if he does not, a motion is in order for judgment upon the pleadings.

We think that in this case the issue upon this point was sufficiently made by the averments of the complaint and answer.

The remaining question presented by this record is, whether the monthly interest of three per cent. after maturity, provided for in the notes, was intended to be compensation for the use of the money, or penalty to compel the payment thereof when due. If the former, judgment should have been rendered therefor; if the latter, instead of such interest, an amount not in excess thereof should have been allowed, which would fairly indemnify the plaintiff for his loss by the breach of the contract.

We have no statute on the subject of usury, and a party may contract for and collect whatever rate of interest he chooses, provided such interest be intended as compensation for the use of the money.

In the case of *Brown et al.* v. *Steck*, 2 Colo., 70, the note sued on provided for interest at the rate of *ten* per cent. *per month*, from maturity until paid; the objection we are now considering was also presented and urged in that case. Hallett, C. J., who delivered the opinion, says: "The law seeks to indemnify

the plaintiff for the loss he has suffered by the breach of the contract, and it is fair to presume that the rate fixed by the parties affords a just rule of indemnity."   *     *     *
*   "The stipulation in the note to pay interest was *prima facie* sufficient to establish the measure of damages to be recovered for the breach of the contract."

The judgment in that case allowing the interest stipulated for was affirmed, though the rate was more than three times as large as that provided for in the notes under consideration. Applying the doctrine announced in that case to this, we must say that the rate specified in these notes was *prima facie* sufficient to establish the measure of damages for breach of the contract. No evidence of any kind was offered to overcome this *prima facie* showing, and the Court should have accepted the measure of damages thus established.

The new promises operated as a re-delivery of the notes at the date of such promises; and they must be governed by the same rules as though the notes themselves then came for the first time into existence. *Sennott, Admx.,* v. *Horner et al.,* 30 Ill., 429.

The interest specified in the notes being, under the evidence, as we have seen, intended as compensation for the use of the money, and not as penalty to secure the payment thereof when due, should have been allowed by the Court to the date of the judgment. The terms of the notes or contracts being revived, defendant in error was liable for this interest as well after as before he made the new promises.

We find no error in the trial and judgment, save in disallowing the interest provided for in the notes after the maturity thereof. But on this account the judgment must be reversed. The cause will be remanded to the District Court, with directions to render judgment in accordance with the views herein expressed, for the principal of the notes remaining unpaid, and interest thereon at the rate of three per cent. per month to the date of its former judgment; interest to be allowed from such date at ten per cent. per annum, as provided by law.            *Reversed.*

HELM, J. We have agreed upon all of the positions taken in the foregoing opinion. But as to the correctness of one

proposition, I entertain doubts which are not shared by my brothers. The case of *Sennott* v. *Horner et al., supra,* is the only American decision we have found which directly considers and passes upon the question as to the revival of the *terms* of the old contract; we have followed it, though, upon my part, with a great deal of reluctance.

The authorities generally declare that the new promise implied by a part payment, is a promise to pay a *subsisting debt then due;* not a debt which might thereafter become due under the terms of the contract. The interest which is accrued and unpaid at the date of the new promise is as much a part of the debt acknowledged thereby, as the principal; but interest according to the terms of the contract, accruing after the new promise is made, is no part of the debt actually due at the date of such promise.

In the absence of precedent or authority to the contrary, I should feel like saying that the new promise does not revive the terms of the old contract; that it simply recognizes the actual indebtedness accrued and existing thereunder; and that interest or damages for failure to pay the same, should be allowed from the date of the new promise, as the law and evidence at the trial warrant, without reference to the interest provided for in the old contract.

This view seems to me more in harmony with the universal disposition of the Courts now to treat the statute of limitations as a statute of repose, wise and beneficent in its purposes and effect; and to repudiate the decisions which regarded it with disfavor, and allowed the bar to be removed upon trivial pretexts.

*S. B. A. Haynes,* for plaintiff in error.

*Thomas George,* for defendant in error.