### In re JEFFERSON.

(District Court, D. Washington, E. D. September 22, 1899.)

1. EXAMINATIONS IN BANKRUPTCY—COMPETENCY—WIFE OF BANKRUPT.

Where the law of the state provides that a wife shall not be examined as a witness for or against her husband without his consent, nor as to any communication made to her by him during the marriage relation, the wife of a bankrupt, under examination as a witness in the bankruptcy proceedings, cannot be required to disclose any communications made to her by her husband respecting his property or his income.

2. SAME—PRIVILEGED COMMUNICATIONS—CONSTITUTIONAL LAW.

To compel the wife of a bankrupt, under examination as a witness in the bankruptcy proceedings, to disclose confidential communications made to her by her husband in regard to his property or his income, would be contrary to the fourth amendment to the constitution of the United States, prohibiting "unreasonable searches and seizures."

In Bankruptcy. Hearing on objections to questions propounded by an attorney representing creditors to the wife of the bankrupt, on her examination as a witness in the bankruptcy proceedings.

William G. Graves, for petitioner.
H. M. Stephens, for creditors.

HANFORD, District Judge. This is a case of voluntary bankruptcy, and an inquiry is being prosecuted before the referee by creditors, with the object of uncovering a supposed fraudulent concealment of assets and income, in the progress of which the wife of the petitioner, having appeared as a witness, and being interrogated by counsel for creditors, gave an affirmative answer to a question whether, from conversations with her husband, she knows what his business is,

what his income is, and what money he makes or receives from various sources. Thereupon the attorney for the creditors propounded the following questions:

"From what he has said to you, what do you know about it? What, if anything, has Mr. Jefferson said or communicated to you with reference to his business or his income since your marriage to him? When he would get his monthly income, would he turn that over to you?"

To each of said questions counsel for the petitioner objected on the ground that in this state a wife cannot be examined as a witness against her husband without his consent, and communications made by a husband to his wife are privileged.

Section 21 of the bankrupt law provides that:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt, who is a competent witness under the laws of the state in which the proceedings are pending, to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act."

This leaves the question as to whether the wife of a bankrupt is a competent witness to testify concerning his acts, conduct, or property to be determined by reference to the laws of the state in which the proceedings are pending, provided the state laws are not repugnant to the constitution of the United States. Counsel for the creditors insist that the inquiry now in progress resembles a proceeding in aid of an execution under the Code of this state, and on the authority of Frankenthal v. Solomonson (Wash.) 55 Pac. 754, the claim is made that the husband is not an interested party, and that he has no right to interpose an objection to the questions, and that section 1649, 2 Hill's Code, which provides that "a husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against the husband without the consent of the husband; nor can either, during the marriage or afterwards, be, without the consent of the other, examined as to any communication made by one to the other during marriage, * * *" is not applicable in such proceedings. In the case referred to, after the return of an execution unsatisfied, a proceeding against the wife of the judgment debtor was instituted to reach property alleged to be in her possession which in fact belonged to her husband; and although the only object of the proceeding was to discover property of the husband, and seize it for the satisfaction of a debt of the husband, the supreme court of this state decided that he was not a party to the proceeding, and in the opinion the judges say, "We think it may be said [the husband] is not interested in such a sense as to preclude the examination of the wife as a witness for the plaintiff." The opinion yields assent to the authorities cited by counsel for the respondent to the point that, in cases in which both husband and wife are parties, neither can be examined as a witness by the adverse party without the consent of the other. Therefore the decision is based upon the opinion of the judges that the husband was not a party to nor interested in the proceedings, and for that reason I cannot consider it as an authority in point in this case. Mr. Jefferson is the party of record in whose favor the proceeding was instituted, and against whom the inquiry is directed.

Whatever interest he may or may not have in money or other property involved is not the only matter to be considered. He certainly has an important interest in the result of the inquiry, by reason of the effect which may be given to it in the determination of the question whether or not he may have the benefit of the bankruptcy law by being discharged from liability for his debts, or, if any evidence tending to prove that he has attempted to conceal fraudulently any assets belonging to his estate shall be elicited from competent witnesses by this inquiry, it will have to be considered by the court upon the hearing of his application for a discharge. The case is not within the rule laid down in Frankenthal v. Solomonson, but is fairly within the statute as interpreted by the supreme court in that case.

There is another reason for sustaining the objections, which is controlling. The fourth amendment to the constitution of the United States declares, "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." Of what avail is it to protect a man in his person, house, papers, and effects, if the members of his family may be dragged before an inquisition, and compelled, on pain of incarceration in a common jail, to divulge the confidential communications made to his wife? The unreasonableness of such a proceeding consists in its tendency to destroy that confidence between husband and wife necessary to harmony and happiness in the marriage relation, which it is the policy of the law to hold sacred, and in the strong temptation to commit perjury to which it must necessarily expose a woman during coverture. In the argument it has been urged that the inquiry is necessary to prevent fraud and injustice, but the same argument would be equally potent in favor of the right to search the persons of a bankrupt and his wife, and ransack their home, to find hidden wealth. The rights of creditors are important, but they do not outweigh the interest which the public has in preserving the peace and happiness of families. For these reasons I hold that all communications which Mr. Jefferson may have made to his wife respecting his income or property are privileged. Objections sustained.