[No. 7434.]

## Yost v. Irwin.

1. Statute of Limitations—*How Pleaded*—The statute of limitations cannot be availed of either by general demurrer or by general denial. The defense may be made either by answer or by special demurrer, where the facts appear on the face of the complaint, or by special plea of the statute if they do not so appear.

2. ——*When the Statute May Be Pleaded—Waiver*—A general demurrer to the complaint is not a waiver of the statute, even though upon the face of the complaint the action appears to be barred. The defendant may still plead the statute after the demurrer is overruled; and the court in its discretion may permit the general demurrer to be withdrawn, and a special demurrer asserting the statutory bar to be interposed.

*Error to Weld District Court.*—Hon. Harry P. Gamble, Judge.

Mr. A. J. Bryant, for plaintiff in error.

Mr. Justice Musser delivered the opinion of the court:

In the court below, Yost brought an action on a promissory note. The defendant, Irwin, filed a general demurrer to the complaint. Afterward, and before the disposition of the general demurrer, the defendant, on application supported by

affidavit, was permitted, over the objections of the plaintiff, to withdraw the general demurrer and to file a special one, setting up that it appeared on the face of the complaint that the action was barred by the statute of limitations. On hearing, the special demurrer was sustained. Thereupon, on motion of the defendant, the action was dismissed, and judgment rendered for costs in favor of the defendant. The plaintiff did not ask for leave to amend the complaint. The contention of the plaintiff is, that by filing the general demurrer, the defendant waived his right to plead the statute of limitations under the oft expressed rule that such plea must be made in apt time, and he contends that, because the plea was thus waived, the court erred in permitting the defendant to file the special demurrer.

The objection that an action is barred by the statute of limitations cannot be raised by general demurrer, nor is it available under a general denial. It must be specially pleaded in the answer, or when it appears on the face of the complaint that the action is barred it may be pleaded by special demurrer. If it is not pleaded one way or the other, it is deemed waived. —*Hunt v. Hoyt,* 10 Colo. 278; *Jennings v. Rickard,* 10 Colo. 395; *Brown v. Bell,* 46 Colo. 163.

Section 56 Revised Code provides for seven grounds of demurrer. When any one of them appears upon the face of the complaint it may be taken advantage of. Section 60 provides that, "when any of the matters, enumerated as demurrable, do not appear upon the face of the complaint, the objection may be taken by answer." The sixth ground of demurrer—that the complaint does not state facts sufficient to constitute a cause of action—is the only one by which it was ever claimed that the plea of the statute of limitations may be made available. In the cases cited above, this court has said that the plea of the statute of limitations cannot be taken advantage of by demurrer on the sixth ground. If it cannot be taken advantage of by demurrer on any of the grounds enumerated in the code, it must follow that the apparent bar

appearing upon the face of the complaint is not matter enumerated in the code as demurrable. The reason why the appearance of the bar of the statute in the complaint is not demurrable matter is because the defendant must specifically and affirmatively indicate his intention to invoke the statute before it is at all apparent that the action may be barred. It is not the appearance in the complaint, but it is the affirmative claim of the defendant, sustained by sufficient proof, that bars the action. Under such circumstances, if the code alone is to be followed, the only way that the plea of the statute of limitations can be made is by answer. This court, very soon after the adoption of the code, in common with some other code states, announced the rule that the statute of limitations may be pleaded by special demurrer when the bar appears on the face of the complaint. The rule thus announced has been consistently followed and is a settled rule of practice. This court has not said that the plea of the statute must be interposed by special demurrer under such circumstances. It has said that it may be so interposed. To say that it must be so interposed and at the same time say that the apparent bar is not matter enumerated in the code as demurrable, would be to repeal in part that portion of the code that provides that when any of the matters enumerated as demurrable do not appear upon the face of the complaint the objection may be taken by answer. Notwithstanding the fact that this court has said that the plea may be made by special demurrer, it may be made by answer if the defendant elects to make it so, for the code gives him that right. So that when it appears upon the face of the complaint that the action is barred, the defendant may plead the statute in one of two ways—by special demurrer or answer. He may demur to the complaint on any of the grounds enumerated in the code, and when that demurrer is disposed of he may set up his plea of the statute of limitations in the answer, if he elects to so plead. For instance, if the plaintiff relies upon a new promise to avoid the bar of the statute, and does not plead the new promise in his

complaint, if a special demurrer is interposed and sustained, the plaintiff may amend his complaint by alleging a new promise. If, however, the plea of the statute is made by way of answer, the plaintiff may avail himself of the new promise by way of replication. Formerly the action was brought upon the original cause of action. Defendant answered the statute and plaintiff replied the new promise. Notwithstanding the rule that the plea of the statute may be taken advantage of by special demurrer when the face of the complaint will permit, the old way of pleading has not been done away with if the defendant wants to so plead, for the code gives him the right to answer the statute. These views are sustained by the reasoning of this court in *Buckingham v. Orr*, 6 Colo. 587, which was an action on promissory note. While it appeared from the complaint that the old contract on the notes was barred, the plaintiff alleged payments made within six years from which a new promise was implied. And this court said, beginning on page 590:

"If, therefore, plaintiff states in his complaint ultimate facts from which the law implies a new promise, such facts are not surplusage; they are the very essence of the action, and are necessary to prevent a successful attack by demurrer. And the only reason why a failure to state them would not render the complaint obnoxious to a general demurrer is, that defendant must specifically and affirmatively indicate his intention to invoke the statute, whether he pleads by demurrer or by answer.

If the answer contains proper denials of the facts averred in the complaint as the foundation of the new promise, the issue is made; the additional plea of the bar is only important as showing defendant's intention to claim the benefit of the statute. It cannot be that in such case plaintiff must, in his replication, deny the plea and reply the new promise. He does not care to deny the bar of his action upon the old contract, for he relies upon the new one; and the new prom-

ise in his replication would be but a repetition of what he has already pleaded in his complaint.

If plaintiff fails to state in the first instance facts from which the new promise may be inferred, and the bar of the statute is pleaded by answer instead of demurrer, he must of course reply the new promise; if he does not, a motion is in order for judgment upon the pleadings."

It must follow from this that, inasmuch as the plaintiff may plead the statute, either by special demurrer or by answer, the plea is in apt time if made in the answer. So that the defendant did not waive his right to plead the statute by filing a general demurrer, and it was not waived when the court permitted him to file a special demurrer. It was within the discretion of the trial judge to grant him leave to file the special demurrer and under the circumstances the judge did not abuse his discretion.

If the defendant had filed an answer without pleading the statute, and afterwards the judge had permitted an amendment for the purpose of letting in the plea, authorities cited by the plaintiff would have then been for consideration, but not under the circumstances. The case of *Spaur v. McBee,* 19 Ore. 76, has no bearing. One of the grounds of demurrer in Oregon was that the action was not commenced within the time limited by the code. The code also provided that if no objection be taken of the matters enumerated as demurrable they should be deemed waived, except the general demurrer and objection for want of jurisdiction. Under such a code, of course the plea of the statute of limitations must be taken by demurrer if appearing upon the face of the complaint. Our code has no such ground for demurrer. The Washington case cited indicates that its code has a provision similar to that of the Oregon code. From what has been said, no error is apparent in the record before us, and the judgment is, therefore affirmed.

*Judgment affirmed.*

Mr. Justice White and Mr. Justice Bailey concur.