# April Term, 1920

## No. 9755.

### JASPER ET AL. *v.* BICKNELL.

1. EVIDENCE—*Witness—Competency.* Under Rev. Stat. sec. 7274 it is error to compel both husband and wife to testify, against their objection, in a cause seeking to impeach a conveyance by one to the other, as fraudulent against creditors.

2. TRIAL—*Re-examination of Witness.* It is error to deny to a party the right to re-examine his witness after cross-examination.

3. ——*Exhibit not Identified as Authentic.* Bill to cancel a conveyance of husband to wife as fraudulent as against creditors. The husband was examined as to a paper designated as a Transcript of Testimony given by him before the referee in bankruptcy, and the transcript itself was offered and received in evidence. Not being in any way authenticated it was held incompetent, and its admission error.

4. HOMESTEAD ENTRY—*By Wife.* Where husband and wife reside on land the title to which is in the wife, she may make the claim of homestead required by Rev. Stat. Sec. 2951.

5. PRACTICE—*Defense Not Pleaded,* cannot be asserted or considered.

*Error to Jefferson District Court, Hon. Samuel W. Johnson, Judge.*

Mr. GEORGE B. CAMPBELL, for plaintiffs in error.

Messrs. QUAINTANCE, KING & QUAINTANCE and Mr. JOHN T. MALEY, for defendant in error.

*Department One.*

Mr. Justice Burke, delivered the opinion of the court.

THIS was an equitable action in aid of execution and was brought by defendant in error against plaintiffs in error who are husband and wife. The parties are hereinafter designated as in the court below.

Plaintiff had obtained a judgment against defendant Henry Jasper and caused a transcript of the docket entry thereof to be filed in the office of the County Clerk and Recorder. Execution was issued and levy made upon the interest of Henry Jasper in the real estate here in question, consisting of twenty-eight acres, standing of record in the name of the wife. The amended complaint alleges that Henry Jasper was the owner of this property, the title to which he had caused to be placed in the name of his wife with the intent on the part of both to hinder, delay and defraud creditors, and particularly the plaintiff; that the transaction was without consideration; and that Henry Jasper was at the time insolvent. Defendants demurred on the grounds that the complaint was ambiguous, unintelligible and uncertain and did not state facts sufficient to constitute a cause of action. This demurrer was overruled and defendants answered denying the material allegations of the complaint. Trial was had to the court and judgment entered for plaintiff. The real estate was decreed to be the property of Henry Jasper and subject to the lien of plaintiff's judgment. It was further ordered that Minnie Jasper deposit with the clerk of the court a deed quit-claiming all her interest in said property to her husband. To review this judgment defendants sued out a writ of error and the cause is now before us on their application for a supersedeas.

Burke, J., after stating the case as above.

Numerous alleged errors are assigned but we find it necessary to consider only those going to the competency of the evidence, assuming that that evidence, if properly before the court, was sufficient to support the judgment.

Sec. 7284, R. S., 1908, provides: "A party to the record of any civil action or proceeding, * * * may be examined upon the trial thereof, as if under cross-examination at the instance of the adverse party or parties or any of them, and for that purpose may be compelled in the same manner and subject to the same rules for examination as any other witness to testify, * * * *." Each of the defendants was called under this statute and each objected to such

examination, claiming exemption therefrom under the provisions of Par. 1, Sec. 7274, R. S., 1908, which reads: "A husband shall not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; nor shall either during the marriage or afterward be, without the consent of the other, examined as to any communication made by one to the other during the marriage;" This objection was overruled and that ruling constitutes reversible error. *Frankenthal et al v. Solomonson*, 20 Wash. 460, 55 Pac. 754, 44 L. R. A. 311, 72 Am. St. Rep. 116; *In re Jefferson* (Wash.), 96 Fed. 826.

At the close of this cross-examination under the statute counsel for defendants sought to interrogate his clients and the court sustained an objection thereto. This was error. *Merritt v. Hummer*, 21 Colo. App. 568, 122 Pac. 816. In that case the error was held not prejudicial for the reason "that defendant was later called to the stand and examined fully by his counsel upon the matters brought out by counsel for plaintiff when he was first examined." The record before us does not disclose such an examination. The rule laid down by the court of appeals in the Merritt case was recognized by this court in *Western Investment and Land Co. v. First Nat. Bank of Denver*, 64 Colo. 37, 172 Pac. 6, 8, wherein it is said: "Under our practice a witness thus called may be examined by both sides."

An important part of the statutory cross-examination of defendant, Henry Jasper, related to testimony presumably theretofore given by him before a referee in bankruptcy, and the examination was conducted from an alleged transcript of that testimony. This transcript was afterward admitted in evidence over the objection of defendant and with the avowed purpose of impeaching him. That there had been such a bankruptcy proceeding in which defendant testified was undisputed, but no evidence was adduced of the identity or authenticity of the exhibit. It was therefore entirely incompetent and must have been prejudicial.

Minnie Jasper obtained title to eighteen acres of the land in question by deed from Maude Moore, and to the re-

maining ten acres by deed from Mary Fitzpatrick.   Upon
the margin of her record title to each tract she had caused
a "homestead" entry to be made.   "Every householder in the
State of Colorado, being the head of a family, shall be en-
titled to a homestead not exceeding in value the sum of two
thousand dollars, exempt from execution and attachment,
arising from any debt, contract or civil obligation, entered
into or incurred after the first day of February, in the year
of our Lord one thousand eight hundred and sixty-eight."
Sec. 2950, R. S. 1908.   "To entitle any person to the benefit
of this act he shall cause the word "Homestead" to be en-
tered in the margin of his record title to the same, which
marginal entry shall be signed by the owner making such
entry   *   *   *;   In case the husband is the owner of said
homestead, the wife may cause such entry to be made and
recorded, and the signature of the said entry by the wife
shall have the same effect as if entered by the husband, the
owner of the property."    Sec. 2951, R. S., 1908.    The
making of this "Homestead" entry, and the fact that since
obtaining title to the property she and her husband had re-
sided thereon, were set up in the answer of defendants;
were not denied by the plaintiff, and are established by the
evidence.   Under no circumstances could plaintiff be decreed
relief as to the real estate in question to which she would not
have been entitled had the property in fact stood in the name
of Henry Jasper.   Under such circumstances the homestead
entry of the wife would have reserved the same from sale
under execution to the extent of the valuation provided in
sec. 2950, *supra,* and that reservation the court could not
oblige her to relinquish by quit-claim for the benefit of the
creditors of her husband.

In view of the possible re-trial of this cause it seems ad-
visable to notice an additional assignment.   It was con-
tended by defendants below, and is urged here, that recov-
ery by plaintiff is precluded under the provisions of our
three year statute of limitations.   "Bills for relief, on the
ground of fraud, shall be filed within three years after the
discovery by the aggrieved party, of the facts constituting

such fraud, and not afterwards." Sec. 4072, R. S., 1908. Defendants have filed no pleading in this cause under which they may take advantage of this statute. "The objection that an action is barred by the Statute of Limitations can not be raised by general demurrer, nor is it available under a general denial. It must be specially pleaded in the answer, or when it appears on the face of the complaint that the action is barred it may be pleaded by special demurrer. If it is not pleaded one way or the other, it is deemed w|aived." *Yost v. Irwin*, 53 Colo. 269, 270, 125 Pac. 526. The bar of the statute does not appear on the face of the complaint. It could not therefore be raised by demurrer, and was not specially pleaded in the answer. It is true that the statute of limitations under consideration in the Yost case was not the statute here in question but the language is the same and no reason appears why the construction of the one should not be applied to the other. A careful examination of the Colorado authorities construing Sec. 4072, *supra*, discloses nothing in derogation of the application of this rule.

For the errors heretofore noted the judgment is reversed and the cause remanded.

Garrigues, C. J., and Teller, J., concur.