## No. 10,475.

### BICKNELL v. JASPER, ET AL.

Decided November 5, 1923.

Action in aid of execution.  Judgment for defendants.

#### *Affirmed.*

1. FRAUD—*Fraudulent Conveyance—Insolvency.*  In an action to set aside a conveyance as fraudulent, and subject the property to the payment of the debtor's liabilities, the finding of the trial court that plaintiff had failed to sustain her allegations of fraud, and the contention of defendants that no insolvency of the debtor had been shown at the time of the transaction, are upheld.

*Error to the District Court of Jefferson County, Hon. Clarence J. Morley, Judge.*

Mr. JOHN T. MALEY, Messrs. QUAINTANCE, KING & QUAINTANCE, for plaintiff in error.

Mr. GEORGE B. CAMPBELL, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE facts involved in this case appear in the opinion of this court in *Jasper v. Bicknell,* 68 Colo. 308, 191 Pac. 115.  The case was tried to the court.  The court held that the evidence "was wholly insufficient to establish that the proceeds of the disposition, by Mrs. Jasper, of the Miles Hotel went into the land now sought to be recovered."

He also found the evidence insufficient to establish that any property of Henry Jasper in the forty acres of land in the Arkansas Valley went into the land sought to be subjected to execution in this suit. The court further found that if there was a fraudulent intent upon the part of Jasper when he directed that the bill of sale of the Miles Hotel, for which he was exchanging the forty acres, be made to his wife, plaintiff in this suit had knowledge of it, and was a party to it, and that, under such circumstances, she had no standing in a court of equity to complain of that transaction.

In addition to the findings of the trial court, counsel for defendants in error point out that there is a total failure to establish the fact of Jasper's insolvency at the time of the original exchange of properties. The bankruptcy proceedings were begun some two years after this exchange.

An examination of the evidence confirms this statement of counsel. There is evidence that Henry Jasper was indebted in a small sum at the time of the exchange, but there is no evidence as to how much property he had at that time. It is shown that, a few days prior to the exchange, said Jasper received from McWilliams some land in Prowers county in exchange for a confectionery and cigar store in the city of Denver. The fact that he became indebted to McWilliams on this exchange is dwelt upon as showing insolvency, but there is no evidence as to the value of the Prowers county land, which for aught that appears may be largely in excess of the indebtedness.

We cannot say that the court was wrong in holding that the plaintiff had failed to sustain by proof the allegations of fraud. On the whole, the judgment of the trial court appears to be right, and it is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.