MATTESON, Respondent, *v.* ACKERSON et al., Appellants.

(No. 7,627.)

(Submitted February 10, 1937. Decided March 11, 1937.)

[66 Pac. (2d) 797.]

Mr. E. J. Stromnes, for Appellants, submitted a brief and argued the cause orally.

Mr. G. C. Schmidt and Messrs. Miller & Wiley, for Respondent, submitted a brief; Mr. C. W. Wiley argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Appeal from the district court of Chouteau county in an action to foreclose a real estate mortgage.

On June 25, 1919, George S. Ackerson and his wife, appellants here and defendants in the district court, borrowed the sum of $3,500 from the Blodgett Loan Company of Fairbault, Minnesota. They gave their promissory note for the amount, due

November 25, 1924, and secured it by a mortgage on certain real estate. The note and mortgage were assigned to L. S. Matteson, plaintiff below and respondent here. It seems plain from the record that no part of the principal was ever paid and that the interest on the note was paid for six years.

The complaint was substantially in the usual form. The allegation with relation to payment was "that no part of the principal promissory note as set forth and described in paragraph 1 herein has been paid, save and except the interest thereon to the 25th day of November, 1925, and that there is now due, owing, unpaid and payable to this plaintiff on account of said note, the principal sum of $3,500, with interest thereon at the rate of 10% per annum from November 25th, 1925."

In paragraph 1 of the complaint the note was set out *in haec verba*, together with the indorsements thereon. One of the indorsements was an assignment to plaintiff. The other indorsement was in the following words and figures: "2–25–28 interest paid to Nov. 25–25." The note was due five years after date and bore 6 per cent. interest until maturity. The interest was represented by coupon interest notes which, it was in effect alleged, were paid. No indorsement of the payment of these interest notes appeared upon the note. The payment made on November 25, 1928, which the indorsement states paid the interest to November 25, 1925, included the period between the due date of the last interest note and one year from that date, and was paid by defendants to G. C. Schmidt, agent for plaintiff at Fort Benton. The complaint also alleged the renewal and extension of the mortgage in accordance with section 8267, Revised Codes, and had attached to it a copy of the renewal affidavit as an exhibit thereto. The complaint was filed on June 13, 1935.

The defendants filed a demurrer denominated a "general and special demurrer," which demurrer was overruled. Thereafter they answered with general and special denials, and alleged that the cause of action was barred by the eight-year statute of limitations (sec. 9029, Rev. Codes), and in addition, alleged that

the mortgage had expired and was not properly renewed or extended as contemplated by section 8267, Id.

Plaintiff did not plead to the answer. As a result of the failure to further plead, defendants caused a default to be entered by the clerk. Thereafter defendants made a motion for judgment on the pleadings, had the same noticed for hearing, and it was argued to the court. The court denied the motion and the cause came to trial before the judge without a jury. Defendants objected to the introduction of any testimony by reason of the failure to reply, and continued to object throughout the proceedings and finally asked for judgment very largely upon the theory that the answer, by pleading the statute of limitations, had introduced new matter and that a reply was necessary. Plaintiff proved the facts by witnesses. The evidence showed that the February, 1928, payment was $630 and was made to pay the interest to November 25, 1925. Defendants did not introduce any testimony, but stood upon the legal proposition that they were entitled to a judgment upon the pleadings. The court took the matter under advisement and made findings of fact and conclusions of law in favor of plaintiff.

We have examined the affidavit of renewal and are unable to see wherein it fails in any essential particular to conform to the statute. It is our belief that the mortgage was properly renewed.

The contention that the indorsement does not show payment is likewise without merit. As we have observed, it was merely a matter of computation to ascertain the amount of interest due to November 25, 1925. The indorsement was to the effect that all interest was paid to that date; that is, if the indorsement was good at all. It is true that the indorsement was in abbreviated form; however, it was in such form that no one could be deceived by it. Although it did not state the amount of the interest payment at that time, the essential question was, not whether the amount of the payment was a certain sum, but whether or not a payment of any proportion had been made

at that time. It seems entirely too technical to assume that anyone could be deceived by the abbreviated dates.

Section 10532, Revised Codes, provides that the court shall take judicial notice of certain facts. One of them is "the true signification of all English words and phrases, and of all legal expressions." There is a disputable presumption "that a writing is truly dated." (Sec. 10606, subd. 23, Rev. Codes.) Pleadings are to be "liberally construed." (Sec. 9164, Id.) In the case of *State ex rel. Rankin* v. *Martin*, 68 Mont. 392, 219 Pac. 632, 635, this court said: "It will be remembered that long ago this court laid down the rule that—'In determining whether the complaint states a cause of action or entitles plaintiff to any relief, matters of form are to be disregarded, as well as the allegations that are irrelevant and redundant; and if from any view the plaintiff is entitled to relief, the pleading will be sustained.' " (See, also, *Dickason* v. *Dickason*, 84 Mont. 52, 274 Pac. 145, and cases cited.)

The allegation of the payment of interest was, in our opinion, sufficiently pleaded. If it was not certain it could be made certain. It will then be observed that the cause of action asserted by the complaint showed affirmatively that it was not actually subject to the bar of either one of the statutes pleaded.

The remaining assignment of error, and the one upon which defendants relied in the district court and rely upon in this appeal, has to do with the failure of the plaintiff to plead to the allegations relative to the statute of limitations. Briefly stated, it merely tenders the question: Was a reply necessary to the plea of the statute of limitations, even though the complaint affirmatively showed that the cause of action was not actually barred? The decision of this point must be made in the light of the principle declared in section 8761, Revised Codes: "The law neither does nor requires idle acts." Before proceeding to answer the question just presented, it is important to review generally the various Code provisions on the subject of reply to new matter.

Clark on Code Pleading, at page 480, divides the various jurisdictions into three classes: "1. In a limited number of states

no provision is made for a reply, though some of these provide for an 'answer' to a counterclaim.  2. In a somewhat greater number of states, provision is made for a 'reply' to a counter-claim.  Such reply is in effect an answer to the counterclaim. Usually this provision is accompanied by another to the effect that, where new matter appears in the answer, the court may, upon motion of the defendant order a reply.  3. In the greater number of Code states a reply is necessary in order to deny or avoid any new matter contained in the answer.''

Thus it may be observed that in deciding this question on the basis of the decided cases, it is important to understand from which of these three types of jurisdictions we are mar-shaling our authorities.  Montana is classified as falling under the third type mentioned, as are the states of Colorado, Oregon, Washington, and Kentucky.  We have examined the Code pro-visions of these states and find them substantially the same as our own on the subject of the necessity of a reply to new matter contained in an answer.  We mention these matters as pre-liminary to a fuller understanding and appreciation of the cases to which we shall presently refer.

Section 9158, Revised Codes, provides in substance: ''That where the answer contains a counterclaim, or any new matter, the plaintiff, if he does not demur, shall  *  *  *  reply to such counterclaim or new matter.''  Plaintiff in this case neither replied nor demurred, but went to trial on the strength of his complaint and the issues raised by the denials in the defendants' answer.  He took the position that there was no new matter necessitating a reply on his part.  We think he was right in this instance.

The case of *Larsen* v. *Duke*, 116 Or. 25, 240 Pac. 227, 228, involved a suit to recover the balance due on a note.  The date and amount of the last partial payment was set out in the com-plaint.  Defendant in his answer admitted the execution of the note and that the plaintiff was the owner and holder thereof, but denied that the last payment was made at the time alleged by plaintiff.  As a further defense, defendant pleaded the stat-ute of limitations, it being his contention that the last payment

was made at a date different from the one alleged by plaintiff.
No reply was filed by plaintiff. It was said in that case: "It
is contended, since no reply was filed to the new matter pleaded
in the answer, that the same is to be taken as true. The only
question at issue was the date of the last payment. Plaintiff
[in his complaint] alleged it was July 29, 1916, and defendant
[by answer] claimed it was May 22, 1916. Otherwise stated,
plaintiff pleads facts to toll the statute, and defendant avers
them to invoke it as a bar to the action. Was it necessary for
plaintiff to file a reply denying the date as alleged by defend-
ant? We think not. Plaintiff said the payment was made in
July. Why should he be obliged to deny that it was made in
May? If it be true that the purpose of pleadings is to apprise
the parties of their respective contentions, we believe the same to
have been accomplished in the instant case. Where the new
matter merely negatives the allegations of the complaint, no
reply is necessary." (Citing cases.)

We are not unaware of the fact that in Oregon a demurrer
will lie if it appears upon the face of the complaint that the
action has not been commenced within the time limited by
law. (Oregon Code Ann. 1930, sec. 1–605.) This section, how-
ever, must be read in conjunction with section 1–201 of the
same Code, which provides: "But the objection that the action
was not commenced within the time limited, shall only be
taken by answer, except as otherwise provided in section
1–605."

The Kentucky case of *Klineline* v. *Head*, 205 Ky. 644, 266
S. W. 370, 372, dealing with the necessity of a reply, cited
the following statement from 17 R. C. L. 1000: "And it was
early declared by the United States Supreme Court that the
doctrine was clearly established that if the statute of limitations
is relied on as a bar, the plaintiff, if he would avoid it by any
exception in the statute, must explicitly allege it in his bill,
or specially reply to it, or amend his bill, if it contains no
suitable allegation to meet the bar." That case also made
this statement: "We therefore conclude that, although strictly
formal practice suggests that the avoidance should be contained

in a responsive pleading to the plea of the statute, yet, if it is to be found in any of the pleadings of the litigant relying on the avoidance, it will be sufficient, although not conforming to the better and most approved rules of procedure." (See, also, *Lake* v. *Steinbach,* 5 Wash. 659, 32 Pac. 767; *Green's Admr.* v. *Smith,* 234 Ky. 448, 28 S. W. (2d) 494.)

These illustrations are helpful only inasmuch as they indicate how jurisdictions having provisions on reply similar to ours have dealt with the question where matter in avoidance of the bar has been pleaded in the complaint. We are of the opinion, however, that there is a much sounder explanation for dispensing with the necessity of a reply in a case such as this, and that is on the theory of a new promise made.

It appeared from the complaint that an action on the old contract on the note was barred but for the alleged payment of interest made within the eight-year statutory period, from which a new promise to pay was implied; thus the issue of payment was made. It would seem, therefore, that it would have been a useless and unnecessary formality to require that plaintiff should have replied to the plea of the statute of limitations. Such reply could have done no more than repeat the fact of payment of interest which would have tendered no issue in addition to that which had already been made by the general denial in the answer.

Section 9065, Revised Codes, provides, that "the objection that the action was not commenced within the time limited can be taken only by answer." In the case of *Bielenberg* v. *Higgins,* 85 Mont. 56, 277 Pac. 631, 634, this court said: "That this objection can be raised only by answer has become the settled law of this state * * * and the defendant must sustain the burden of proving it as alleged." (Citing cases.) It is affirmative matter which must be specially pleaded and cannot be shown merely under a general denial. (*Yost* v. *Irwin,* 53 Colo. 269, 125 Pac. 526; *Jasper* v. *Bicknell,* 68 Colo. 308, 191 Pac. 115.)

What was the situation here? The statute of limitations was properly raised by the answer. It being a personal privi-

lege as between persons acting in their own right, it would be deemed waived if it were not set forth in the answer as provided by law. Pleading of the statute would therefore seem to be optional to one who, as a matter of law, has the right to rely on its provisions. This being true, it then becomes incumbent upon such person to set it up in his answer for his own personal protection.

The next question then is: Did the plaintiff have to reply to this defense under the theory that it constituted new matter? That question has been expressly answered by the Colorado supreme court in the case of *Buckingham* v. *Orr*, 6 Colo. 587. We think the reasoning of the case is sound, particularly so in view of the similarity of the Colorado Code provisions on the subject of reply to new matter to our own requirements. It was there said · in treating of part payments on a promissory note: "If the answer contains proper denials of the facts averred in the complaint as the foundation of the new promise, the issue is made; the additional plea of the bar is only important as showing defendant's intention to claim the benefit of the statute. It cannot be that in such case plaintiff must, in his replication, deny the plea and reply [by alleging] the new promise. He does not care to deny the bar of his action upon the old contract, for he relies upon the new one; and the new promise in his replication would be but a repetition of what he has already pleaded in his complaint. If plaintiff fails to state in the first instance facts from which the new promise may be inferred, and the bar of the statute is pleaded by answer instead of demurrer, he must of course reply [by alleging] the new promise; if he does not, a motion is in order for judgment upon the pleadings." (See, also, *Yost* v. *Irwin*, supra.)

Thus it is plain here that a replication, in the face of the allegations already made, could have served no practical purpose. There was nothing new in the answer which was not already in issue. It would have been a mere idle act, the necessity of which had been obviated by the pleading of the

circumstances from which the new promise was implied, and upon which his recovery was predicated.

The cases cited by appellants present an enlightening discussion on the general subject of the necessity of a reply to new matter contained in the answer; however, none of these cases may be said to lay down any general rule by which we must be guided in the determination of this appeal. (*State* v. *Quantic*, 37 Mont. 32, 94 Pac. 491; *Bahn* v. *Estate of Fritz*, 92 Mont. 84, 10 Pac. (2d) 1061; *Munger* v. *Nelson*, 61 Mont. 104, 201 Pac. 286; *Mihelich* v. *Butte Elec. Ry. Co.*, 85 Mont. 604, 281 Pac. 540; *Davis* v. *Clark*, 2 Mont. 310; *Anaconda Copper Min. Co.* v. *Thomas*, 48 Mont. 222, 137 Pac. 380.)

While we have held that a reply was not necessary in this case, we take occasion to suggest that in this jurisdiction where a reply is required to new matter in the answer, the safest course of a pleader is to file a reply. By doing this, he will protect himself from the danger of a ruling by the court that new matter was actually pleaded in the answer; the determination of what is new matter being often a question fraught with doubt and shrouded in uncertainty.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS, and ASSOCIATE JUSTICES ANDERSON, MORRIS and ANGSTMAN concur.

Rehearing denied April 20, 1937.