## WISE v. ADAIR.

1. **Evidence:** PAROL TO EXPLAIN WRITING. Parol testimony is admissible to show that a letter admitting an indebtedness was addressed to the plaintiff and referred to the account in controversy, but not to establish the amount.

2. ————: ADMISSION. An admission of an indebtedness may be implied in an inquiry.

*Appeal from Jasper District Court.*

MONDAY, DECEMBER 9.

ACTION upon an account for eight hundred and thirty-two dollars and fifty-two cents, which account accrued more than five years prior to the commencement of the action. The plaintiff, however, alleges that the same was taken out of the statute of limitations by the written admission of the defendant that the debt was unpaid. The answer was a general denial. There was a trial without a jury. Judgment for plaintiff. Defendant appeals.

*Ryan Bros.*, for appellant.

*Smith & Wilson*, for appellee.

ADAMS, J.—The writing upon which the plaintiff relies purports to be a letter, and is in the following words: "DEAR
1. EVIDENCE: SISTER: How will it suit you to make three notes
parol to ex-
plain writing. of the amount due you, as you say you intend it
for the children? Say make one due this fall (October 15), and
the next due in one year after that, and in twelve months after
that the third one due, bearing interest say from January 1,
1877. Say for the oldest, two hundred and fifteen dollars,
October 15, 1877; for the next, two hundred and thirty-five
dollars, October 15, 1878; and for the youngest, two hundred
and fifty-five dollars, October 15, 1879." The plaintiff intro-

·duced the letter in evidence, and also introduced as a witness one J. W. Wilson, who testified that the defendant admitted to him that he wrote the letter to the plaintiff; that the letter was written in reference to the account sued on, and that the account was correct. The defendant objected to the testimony of Wilson as incompetent. The court overruled the ·objection and the defendant excepted.

The testimony was admissible, we think, so far as it was ·offered to prove that the letter was adressed to the plaintiff and referred to the account in suit. *Penley v. Waterhouse*, 3 Iowa, 418. It was not, we think, admissible to prove what was due. Proof of that must rest upon the letter alone. If the plaintiff had admitted in the letter that a certain account was due, proof of what account was referred to would have been all that would have been necessary to justify a recovery upon the whole account. We should not, in such case, extend the plaintiff's liability beyond what he admitted it in writing. But the defendant admitted (if the letter can be called an ·admission) somewhat less than the amount of the account. In admitting parol evidence that there was more unpaid than the defendant admitted, and in rendering judgment therefor, we think that the court erred.

It is insisted, also, that the court erred in admitting the letter in evidence. It is said that it does not contain an admission, but a mere inquiry. If the issue had not been as to the statute of limitations, but as to whether the account had been paid or not, it seems to us that the letter would have been admissible in evidence to **prove** that the amount mentioned therein had not been paid. The inquiry is: "How would it suit to make three notes of *the amount due you?*" It is equivalent to asking: "How would it suit to make three notes of the amount which is due you?" The interrogation involves, we think, an admission. Of course if no amount had been specified in the writing, no action ·could have been predicated upon it. As it is, the plaintiff ·appears to be entitled to recover seven hundred and five dol-

2. ——: admission.

lars, and interest thereon at six per cent from January 1, 1877. As the plaintiff offers to remit if the judgment below is found to be too large, the case will not be reversed, but judgment may be taken for the amount as above provided, and the plaintiff must pay the costs of the appeal.

MODIFIED AND AFFIRMED.