THE AMERICAN BAPTIST HOME MISSION SOCIETY OF THE CITY
OF NEW YORK, Appellee, v. THE FIRST BAPTIST CHURCH
OF CORRECTIONVILLE, IOWA, W. S. NEWTON, DANIEL JONES,
ROBERT FULLERTON, FRANK GREINER, and G. W. MOSTIL-
LER, Trustees, DANIEL JONES, ROBERT F. FULLERTON and
UNITED EVANGELICAL CHURCH, Appellants.

Limitation of actions: PLEADING: DEMURRER. A demurrer must spe-
cify the statutory grounds upon which it is founded. A general
equitable demurrer, that the petition does not state a cause of
action, is not sufficient to raise the defense of a special statute of
limitations. This is a defense which must be specially pleaded
either by demurrer or answer to be available.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD,
Judge.

WEDNESDAY, FEBRUARY 11, 1914.

SUIT in equity to foreclose a mortgage. There was a de-
cree for the plaintiff, and the defendants appeal.—*Affirmed.*

*C. N. Jepson, E. C. Logan,* and *J. F. Stecker,* for ap-
pellants.

*Earl Edmunds,* for appellee.

EVANS, J.—The petition set forth a real estate mortgage
executed and recorded in September, 1884. The petition and

the recitals of such mortgage set forth that, prior to the date
of the mortgage, the plaintiff corporation had furnished aid
to the defendant corporation to the extent of $300 in the
erection of a church building for the defendant corpora-
tion.  By the terms of such mortgage, it was provided that,
if the defendant corporation should ever abandon its organiza-
tion as a Baptist church or should abandon or alienate its
house of worship except for the purpose of building or pur-
chasing a better one, then the defendant corporation agreed
to refund the amount of such aid.  The mortgage in question
was given to secure performance of such refund.  By the
terms of such mortgage, it could never become due or enforce-
able except upon breach of condition above specified.  Such
condition was breached on or about January 1, 1910, by the
abandonment of the church organization and the leasing of
the property to others, as alleged in the petition.  This
action was begun in May, 1912.  On June 1, 1912, the de-
fendants filed the following demurrer: "Now come the de-
fendants in the above-entitled action and demur to the peti-
tion of the plaintiff filed herein on the ground that the facts
stated in said petition do not entitle the plaintiff to the relief
demanded."  The demurrer was overruled.  No further plead-
ings being filed or further proceedings had, the trial court
on December 3, 1912, entered judgment against the defend-
ants by default.  From the ruling on the demurrer, they
have appealed.

The only proposition which is urged upon us in argu-
ment is that the action was barred by certain special statutes
of limitation enacted by the Thirty-First and Thirty-Fourth
General Assemblies.

The first enactment referred to is known as section 3447-c
of the Code Supplement, and is as follows:

Foreclosure of Certain Mortgages.  No action shall be
maintained to foreclose any real estate mortgage which was
executed prior to January 1, 1885, unless the same is brought

within one year after the taking effect of this act: Provided, that this section shall not apply, in case the record of such mortgage or any extension thereof, shall show that such debt is not yet more than ten years past due, which fact may be shown, within one year from the taking effect of this act, by. the holder of the debt, noting on the margin of the record of such mortgage in the recorder's office, any extension of the debt secured, such notation to be witnessed by the recorder and entered upon the index of mortgages in the name of the mortgagor and mortgagee.

The second enactment is as follows:

No action shall be maintained to foreclose or enforce any real estate mortgage, bond for deed, trust deed or contract for the sale or conveyance of real estate, after twenty (20) years from the date thereof, as shown by the record of such instrument, unless the record of such instrument shows that less than ten (10) years have elapsed since the date of maturity of the indebtedness or part thereof, secured thereby, or since the right of action has accrued thereon, or unless the record shows an extension of the maturity of the instrument or of the debt·or a part thereof, and that the time of such extension has not yet expired. The date of maturity, when different than as appears by the record of the instrument, and the date of maturity of any extension of said indebtedness or part thereof, may be shown at any time prior to the expiration of the above periods of limitation by the holder of the debt or the owner or assignee of the instrument filing an extension agreement, duly acknowledged as the original instrument was required to be acknowledged, in the office of the recorder where the instrument is recorded, or by noting on the margin of the record of such instrument in the recorder's office an extension of the maturity of the instrument or of the debt secured, or any part thereof. Each notation to be witnessed by the recorder and entered upon the index of mortgages in the name.of the mortgagor and mortgagee: Provided that the holder or assignee of any instrument, shall have until July 4, 1912, in which to file such extension agreement or to note the marginal extension as to any instrument executed prior to the taking effect of this act and coming within the provisions hereof. This act shall in no case revive the rights or claims barred by section three

thousand four hundred forty-seven-c (3447-c) of the Supplement to the Code 1907. (Acts 34th General Assembly, chapter 161.)

The contention in argument is that the mortgage in question was made prior to January 1, 1885, and that it does not appear from the record of "such mortgage, or any extension thereof, that such debt is not yet more than ten years past due." It does not appear that any such question was presented to the trial court. We have set forth above the demurrer in full. It contained no suggestion of the ground of attack now put forward. The defendants, therefore, are not entitled to present such question for our consideration upon this record. Section 3551 of the Code provides that "all demurrers" shall "specify the cause on which they are founded and none other shall be argued or considered." Section 3561 sets forth the statutory grounds of a demurrer.

(1) That the court has no jurisdiction of the person of the defendant or the subject of the action; (2) that the plaintiff has not legal capacity to sue; (3) that there is another action pending between the same parties, for the same cause; (4) that there is a defect of parties, plaintiffs or defendants; (5) that the facts stated in the petition do not entitle the plaintiff to the relief demanded; (6) that the petition, on the face thereof, shows that the cause of action is barred by the statute of limitations; or fails to show it to be in writing, where it should be so evidenced; or, if founded on an account or writing as evidence of indebtedness, that neither such writing or account or copy thereof is incorporated into or attached to the pleading, or a sufficient reason stated for not doing so.

Section 3562 provides: "A demurrer must specify and number the grounds of objection to the pleading; and it shall not be sufficient to state the objection in the terms of the preceding section, except that a demurrer to an equitable petition, for the fifth reason of said section, may be stated in the terms thereof."

It will be noted that defendants' demurrer specified no ground except the fifth ground of section 3561. This is generally known as a general demurrer to an equitable petition and is intended to go to the merits of plaintiff's case as stated in his petition. It does not dispense with the necessity of specifying other statutory grounds of demurrer, if such other grounds be relied on. *Hanna v. Hawes,* 45 Iowa, 437.

One of the very purposes of code pleading is to remove cover for ambush and to require open and direct attack. In the case at bar, if defendants' demurrer was sufficient in form to invoke the benefit of these special statutes of limitation, it was equally sufficient for the purpose of every other ground of attack specified in the statute. The plaintiff's cause of action, if any, exists quite independent of the statute of limitations. The statute of limitations is available only to the defendant who claims its privilege. Such claim may be made by demurrer or answer, but it must be made in one form or the other. If it be not made, it may be ignored by the plaintiff and must be disregarded by the court in the determination of the case.

The decree below must therefore be *Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.