LUNA LACKEY, Appellant, v. S. H. MELCHER et al., Appellees.

No. 44260.

August 5, 1938.

Larson & Carr, for appellant.

W. G. Henke and F. K. Nies, for appellees.

Donegan, J.—On August 16, 1915, S. H. Melcher and Elizabeth Melcher, husband and wife, executed and delivered to Thos. W. Lackey a mortgage on a part of certain lots in the village of St. Charles, Floyd county, Iowa, to secure the payment of $2,500 due on the 16th day of August, 1920. This mortgage was duly recorded on the 16th day of August, 1915. Thos. W. Lackey having died, administration was had on his estate and, on March 24, 1922, said mortgage and the note secured by it were assigned by the administrator to Luna J. Lackey and Olive J. Lackey, the wife and daughter of deceased, and this assignment was duly recorded on April 12, 1922. None of the principal secured by this mortgage was paid prior to 1931, but the interest thereon was paid as it matured.

On February 28, 1930, said S. H. Melcher and Elizabeth Melcher executed and delivered to Carl Zachritz a mortgage on the same real estate to secure their promissory note for $2,500 due August 16, 1930, which mortgage was duly recorded on September 12, 1930. This mortgage contained a covenant on the part of the mortgagors "that they (the mortgaged premises) are free from encumbrance, except a first mortgage for $2500.00 dated August 16th 1915."

On or prior to August 15, 1931, said S. H. Melcher and Elizabeth Melcher paid to Luna J. Lackey and Olive J. Lackey

the sum of $300 on the principal sum secured by the mortgage executed by them to Thos. W. Lackey, and on that day they executed and delivered to Olive J. Lackey a mortgage on the same real estate described in the prior two mortgages, to secure their note for $2,200 payable to Luna J. Lackey and Olive J. Lackey August 15, 1936. This mortgage was duly recorded on the first day of December, 1931.

Prior to the commencement of this action, both Olive J. Lackey and Carl Zachritz died. Olive J. Lackey left no will and her mother, Luna J. Lackey, who was her only heir, was appointed administratrix of her estate. Carl Zachritz left a will under which Emilie Zachritz, his surviving spouse, was named as sole beneficiary and executrix. This will was later admitted to probate and said Emilie Zachritz was appointed executrix thereof.

On the 14th day of November, 1936, this action was commenced by Luna Lackey, as an individual, and by Luna Lackey, as administratrix of the estate of Olive J. Lackey, deceased. The petition, in addition to stating in substance the facts set out above, alleged that the note and mortgage executed by the Melchers on August 15, 1931, was in renewal of the balance due upon the mortgage executed by them to Thos. W. Lackey on August 16, 1915; that any lien, claim, right, title and interest of the defendants, or any of them, is junior and inferior to the plaintiff's lien under and by virtue of the said mortgages of August 16, 1915, and August 15, 1931; and asked for the foreclosure of said mortgages.

Emilie Zachritz, as executrix and as an individual, filed answer and cross-petition. The answer denied that the note and mortgage executed by Melchers to Olive J. Lackey on August 15, 1931, was a renewal of the balance due on the mortgage executed by them to Thos. W. Lackey on August 16, 1915, and the cross-petition asked that the mortgage executed by the Melchers to Carl Zachritz on February 28, 1930, be foreclosed, and that the lien of said mortgage be found and decreed to be prior to any lien, right, title, interest and claim of the plaintiff. In a reply to the answer and answer to the cross-petition, plaintiff denied the allegations of these pleadings. Amendments to the petition and to the answer and cross-petition were also filed, but, as the questions raised by these pleadings will be considered later in

this opinion, we do not deem it necessary to refer to them in detail at this time.

Upon the trial of the case the court found that the mortgage of August 16, 1915, had been barred by the statute of limitations and refused foreclosure thereof. The court further found that the mortgage of August 15, 1931, was a valid mortgage and foreclosed the same, but held that the lien of said mortgage was junior and inferior to that of the mortgage executed to Carl Zachritz on February 28, 1930, which was also foreclosed. From this decree of the trial court the plaintiff has appealed.

The ultimate question at issue between the appellant and appellees is the ruling of the trial court holding that the lien of the Zachritz mortgage was superior to any lien of the plaintiff under either the mortgage executed to Thos. W. Lackey on August 16, 1915, or the mortgage executed to Olive J. Lackey on August 15, 1931. In support of their opposing contentions various propositions have been argued. Instead of discussing each of these propositions in detail, we deem it sufficient to take up what appear to us to be the essential matters that are determinative of the ultimate question, and to discuss the contentions of the opposing parties with regard to them.

■ The indebtedness secured by the mortgage executed to Thos. W. Lackey on August 16, 1915, became due August 16, 1920. No part of the principal of this indebtedness was paid when due, but, in any event, it would not be barred by the statute of limitations, Code, §11007, until August 16, 1930. Prior to that date, Melcher and wife, the mortgagors, on February 28, 1930, executed the mortgage to Zachritz in which they stated that the mortgaged premises were free from encumbrance, "except a first mortgage of $2,500.00 dated August 16th 1915." Appellant claims that, under the provisions of Code Section 11018, this constituted an admission of the indebtedness to Thos. W. Lackey secured by the mortgage executed August 16, 1915. While this statute requires that the admission of indebtedness that will revive a cause of action must be in writing and signed by the parties to be charged, it is well settled that the indebtedness to which such admission refers may be shown by extrinsic evidence. Wise v. Adair, 50 Iowa 104; Miller v. Beardsley, 81 Iowa 720, 45 N. W. 756; Bakey v. Moeller, 185 Iowa 946, 171 N. W. 289; Doran v. Doran, 145 Iowa 122, 123 N. W. 996, 25 L. R. A. (N. S.) 805. We are satisfied that the evidence in the

instant case sufficiently identifies the mortgage referred to as the mortgage executed by the Melchers to Thos. W. Lackey on August 16, 1915. We are further satisfied that the statement contained in the Zachritz mortgage constituted an admission of the indebtedness secured by the mortgage to Thos. W. Lackey; that from the date of that admission the period of the statute of limitations began to run anew; and that the indebtedness referred to in the admission would not be barred thereafter until the full statutory period of ten years had elapsed, or until February 28, 1940. Palmer v. Butler, 36 Iowa 576; Doran v. Doran, 145 Iowa 122, 123 N. W. 996, 25 L. R. A. (N. S.) 805; First National Bank of Sigourney v. Woodman, 93 Iowa 668, 62 N. W. 28, 57 Am., St. Rep. 287. The indebtedness itself, therefore, was not barred and was still enforceable against the Melchers at the time this action was commenced in November 1936.

The appellees contend, however, that, even though the indebtedness was kept alive and extended by the admission contained in the Zachritz mortgage, such admission would not keep alive the lien of the mortgage executed to Thos. W. Lackey after twenty years from the date of its execution, and that, under the provisions of section 11028 of the Code, such lien expired on August 16, 1935, more than a year prior to the commencement of this action. Section 11028 of the Code is as follows:

"11028. Foreclosure of ancient mortgages. No action shall be maintained to foreclose or enforce any real estate mortgage, bond for deed, trust deed, or contract for the sale or conveyance of real estate, after twenty years from the date thereof, as shown by the record of such instrument, unless the record of such instrument shows that less than ten years have elapsed since the date of maturity of the indebtedness or part thereof, secured thereby, or since the right of action has accrued thereon, or unless the record shows an extension of the maturity of the instrument or of the debt or a part thereof, and that ten years from the expiration of the time of such extension have not yet expired. The date of maturity, when different than as appears by the record of the instrument, and the date of maturity of any extension of said indebtedness or part thereof, may be shown at any time prior to the expiration of the above periods of limitation by the holder of the debt or the owner or assignee of the instrument filing an extension agreement, duly acknowledged

as the original instrument was required to be acknowledged, in the office of the recorder where the instrument is recorded, or by noting on the margin of the record of such instrument in the recorder's office an extension of the maturity of the instrument or of the debt secured, or any part thereof; each notation to be witnessed by the recorder and entered upon the index of mortgages in the name of the mortgagor and mortgagee. This section shall in no case revive the rights or claims barred by section 3447-c of the supplement to the code, 1907.''

■ The provisions of this statute first appeared in our law in section 3447-c of the supplemental Code of 1913, and have been in effect at all times thereafter. Appellant contends that the limitation contained in this section is subject to the exception contained in section 11018, and that, the indebtedness secured by the Thos. W. Lackey mortgage having been extended to February 28, 1940, by the admission in the Zachritz mortgage, an action to enforce the payment of that indebtedness and foreclose the mortgage securing it could be commenced at any time within the period of such extension. Appellees contend that, because the exception contained in section 11018 appears in the chapter on limitations of actions under the subtitle ''General Provisions,'' it applies only to the statute of limitations found under that heading; and that, as the limitation provided in section 11028 appears under the subtitle ''Special Limitations,'' it is not subject to the exceptions contained in section 11018, but is subject only to the exceptions contained in section 11028 itself. With this contention of the appellees we are inclined to agree. Collier v. Smaltz, 149 Iowa 230, 128 N. W. 396, Ann. Cas. 1912C, 1007; Newgirg v. Black, 174 Iowa 636, 156 N. W. 708; Iowa Law Bulletin, Vol. 6, p. 83.

Appellant further contends that, even if section 11018 does not apply as an exception to the provisions of section 11028, and conceding that section 11028 was enacted for the purpose of clarifying titles to real property by requiring record notice of the continued existence of the liens of ancient mortgages, the requirement of this statute that the written extension of indebtedness be filed and acknowledged, or that it be noted on the margin of the record of such ancient mortgage, does not override the rules of equity and bar the lien of such ancient mortgage as to one having actual knowledge of the extension of the

indebtedness secured by it and who, by the express terms of his subsequent mortgage, took it subject to the prior lien of such ancient mortgage. That Carl Zachritz and his successors in interest were bound by the extension of the indebtedness secured by the Thos. W. Lackey mortgage, which was contained in the Zachritz mortgage, is, we think, too plain to require discussion. The indebtedness secured by the Thos. W. Lackey mortgage was not due until August 16, 1920, and, in any event, would not be barred by the statute of limitations until August 16, 1930. When Zachritz took his mortgage of February 28, 1930, he took it with actual notice contained in the mortgage itself that it was subject to the Thos. W. Lackey mortgage, and was bound to know that, by the statement contained in his mortgage, the indebtedness secured by the Thos W. Lackey mortgage was extended for ten years from that date.

This indebtedness having been extended for ten years, the lien of the mortgage securing it would continue, under the provisions of section 11028 itself, until August 16, 1935, twenty years from the date of its execution. Until that time, at least, the Thos. W. Lackey mortgage was not barred by the provisions of section 11028 and could have been enforced by foreclosure. Whether or not the statement in the Zachritz mortgage, showing that it was subject to "a first mortgage for $2,500.00 dated August 16th, 1915," and other facts and circumstances connected with its execution by the Melchers and acceptance by Zachritz, present a situation in which a court of equity could hold that the Zachritz mortgage was executed and accepted with the intention that the lien of the Lackey mortgage would continue as a prior lien until the indebtedness secured by it would be barred by the statute of limitations, and that the provisions of section 11028 are not absolutely controlling, is a question which, so far as we have been able to find, has not been decided by this court. It is, moreover, a question which, for the reasons hereafter stated, we do not deem it necessary to decide at this time.

Even if the admission of the indebtedness secured by the Thos. W. Lackey mortgage, which was contained in the Zachritz mortgage, would not extend the lien of the Thos. W. Lackey mortgage beyond August 16, 1935, the twenty year period provided in section 11028, and if the trial court was, therefore, correct in holding that the Thos. W. Lackey mortgage

could not be foreclosed in this action, it does not necessarily follow that the lien of the Zachritz mortgage is prior to that of the mortgage executed to Olive J. Lackey August 15, 1931. As we have already seen, the admission in the Zachritz mortgage extended the period of the statute of limitations on the indebtedness secured by the Thos. W. Lackey mortgage for ten years from the date of such admission, or until February 28, 1940. This indebtedness having been thus extended, the lien of the mortgage securing it would not be extinguished under the provisions of section 11028, until the expiration of the twenty year period from its execution, or August 16, 1935. Prior to August 15, 1931, the Melchers paid $300 on the principal of the indebtedness secured by the Lackey mortgage, and on that date they executed a new note for $2,200 to Luna J. Lackey and Olive J. Lackey, the surviving spouse and daughter of Thos. W. Lackey, and owners of the mortgage and indebtedness secured thereby given to Thos. W. Lackey on August 16, 1915. On August 15, 1931, the Melchers also executed a new mortgage on the same property for $2,200. This mortgage was recorded December 1, 1931. Prior to the execution of this new note and mortgage on August 15, 1931, the lien of the Thos. W. Lackey mortgage was prior and superior to that of the Zachritz mortgage; and, if this new note and mortgage were given in renewal of the indebtedness evidenced by the old note and in renewal of the security of the old mortgage, we see no reason why the lien of the old mortgage would not be extended and continued under the new mortgage and be prior to the lien of the Zachritz mortgage.

We think the evidence clearly establishes that it was the intention of the Melchers and of Luna J. Lackey and Olive J. Lackey that the new note for $2,200 given by the Melchers to Luna J. Lackey and Olive J. Lackey, and the new mortgage securing the same, were given in renewal of the indebtedness evidenced by the note originally given by the Melchers to Thos. W. Lackey on August 16, 1915, and in renewal of the mortgage of the same date securing such note. That this arrangement would be binding and enforceable as between the parties to it, the Melchers and the Lackeys, seems unquestioned. In the absence of paramount equities, we see no good reason why it should not be equally binding as to third persons. At any time, on or prior to August 16, 1935, the date of expiration of

the twenty year period from the execution of the Thos. W. Lackey mortgage, the lien of that mortgage could have been extended, under the provisions of section 11028, by a separate writing signed and acknowledged and filed of record, or by a notation of such extension on the margin of the record of that mortgage. The Zachritz mortgage had been taken subject to the Thos. W. Lackey mortgage and it would also be subject to the extension thereof. There were no equities in favor of the Zachritz mortgage which would prevent the extension of the lien of the Thos. W. Lackey mortgage, or cause the lien of the Zachritz mortgage to become prior to that of the Thos. W. Lackey mortgage, if renewed and extended before the lien thereof had expired. The effect of the renewal of the balance of the indebtedness and of the new mortgage as a renewal of the Thos. W. Lackey mortgage, was to keep alive the unpaid part of the original indebtedness and the lien securing its payment. Zachritz suffered no detriment but was benefited by the part payment of $300 on the original indebtedness. The lien of the Zachritz mortgage was not lessened or injured, but remained just as it was when first taken by Zachritz and when he, in effect, agreed ''that the land shall remain subject to the lien of the mortgage for the indebtedness thus revived.'' Doran v. Doran, 145 Iowa 122, 123 N. W. 996, 998, 25 L. R. A. (N. S.) 805. In Nunemaker v. Kulhavy, 197 Iowa 962, 196 N. W. 1009, where a mortgage was released of record and a new mortgage taken in substitution thereof, the lien of the new mortgage was held to be prior to that of a lien accruing after the execution of the original mortgage, and this court said (page 967 of 197 Iowa, page 1011 of 196 N. W.) :

''Under the circumstances of this case, the legal effect of the release of the first and the substitution of a new mortgage did not result in the cancellation of the original lien, at least to the amount of the original note and mortgage. It is apparent that the purpose of releasing the original mortgage was to provide for the amount of the loan as increased. It was not the intention of the parties to release the lien, but to substitute a new mortgage, for the purpose of carrying out and preserving such lien and to cover an additional loan.''

We find nothing, either in the provisions of section 11028 or in the equities of the situation, which would prevent the lien of

the Thos. W. Lackey mortgage, which was renewed and continued in the mortgage given to Olive J. Lackey, from retaining priority over the lien of the Zachritz mortgage.

We are constrained to hold that, in so far as the decree of the trial court held that the lien of the Zachritz mortgage was superior to that of the mortgage executed to Olive J. Lackey on August 15, 1931, the trial court erred, and that said decree should be modified by making the lien of the mortgage given to Olive J. Lackey on August 15, 1931, prior to the lien of the mortgage executed to Carl Zachritz on February 28, 1930.

As thus modified, said decree is affirmed.—Modified and affirmed.

SAGER, C. J., and ANDERSON, KINTZINGER, MILLER, HAMILTON and STIGER, JJ., concur.