J. H. MONAST, Appellant, v. MILLIE MANLEY, Appellee.

No. 45197.

June 18, 1940.

Irving C. Johnson, for appellant.

H. S. Life and Theresa Davis, for appellee.

HALE, J.—On March 22, 1919, Dwight and Etta Beman, husband and wife, made their promissory note for $2,000, with interest, to Alta Dugger, and to secure the same gave a mortgage on certain land in Keokuk county, described as lot 4 of the southwest quarter of the southeast quarter of section 2, township 75, range 13, which mortgage was duly filed and recorded on March 26, 1919. The note was due two years after date. The note and mortgage were afterwards transferred by Dugger to the plaintiff. The defendant, Millie Manley, with her husband, since deceased, bought the property in December 1920, and she is now the owner. On the 15th day of March, 1939, seven days less than 20 years after the execution of the mortgage and note, plaintiff filed a petition for foreclosure. To this the defendant, Millie Manley, filed answer, among other things pleading that she had no knowledge of the mortgage

indebtedness until the filing of the petition and had never agreed to assume or pay such note or mortgage; pleading the bar of the special statute of limitations, Code section 11028; and filed a cross-petition asking that title be quieted in her. Later, by amendment, she pleaded the bar of the general statute of limitations, chapter 487, Code, 1935. Previously the defendant had filed a motion to dismiss, pleading the various sections of the statute, including section 11007, paragraph 6, being that part of the statute referring to written contracts, which motion was overruled by the court. In her cross-petition the defendant alleged possession for more than 10 years and claimed title, ownership, and adverse possession. It appears from the record that the defendant never knew of the existence of the mortgage until notice was served at about the same time that the petition was filed. Trial to the court and decree finding that the action of foreclosure was barred on the 22d day of March, 1931, and thereafter, and plaintiff's petition was dismissed. The court further found in favor of the defendant on her cross-petition and in the decree quieted title against the plaintiff.

The plaintiff alleges error on the part of the court in applying the statute of limitations, alleging that the statute was not properly pleaded and that no facts were alleged; and for the second reason that the court erred in its holding that Code section 11028 did not govern the particular case, for the reason that the facts showed that the mortgage was seven days within the 20-year period provided by such section for the foreclosure of a mortgage. No assignment of error was made in plaintiff's brief and argument as to that part of the decree quieting the title in defendant until after the filing of defendant's reply brief and argument, at which time, by way of reply, plaintiff set out as error the finding and decree of the court quieting title.

1. We are not disposed to agree with plaintiff that the special part of the statute of limitations upon which defendant relied was not properly pleaded. The court's attention was not called to the pleading, nor any objection made

thereto in the trial court, and the question was in no way raised there. The statute was referred to in the answer, and there could be no doubt in the mind either of the court or any of the parties that the defendant relied upon that part of the statute of limitations referring to actions upon written contracts. The facts upon which the plea of the statute was based were fully set out by the plaintiff himself and not disputed.

2. The question at issue in this case is whether the action of foreclosure is barred by the statute of limitations. It is unquestioned that the note, which was to become due in two years, was barred on March 22, 1931, being 10 years from the date when it became due. Plaintiff, however, argues that section 11028 of the Code applies. Such section in substance provides that no action shall be maintained to foreclose any real-estate mortgage after 20 years from the date thereof, unless less than 10 years has elapsed from the date of the maturity of the mortgage as shown by the record, or the record shows an extension, and that 10 years from the expiration of such extension have not yet expired. The date of maturity was in 1921, and no extension is shown of record or was ever made, so that these exceptions do not apply. To hold as plaintiff contends, that section 11028 applies in this case, would be holding that division 6 of section 11007, providing that actions on written contracts must be brought within 10 years, does not apply, and that section 11028 applies exclusively. However, the latter statute does not so state or indicate. The history of this statute, which was enacted in 1906 and has become, with various changes, the present statute, shows that it was apparently enacted for the purpose of avoiding the prosecution of stale claims, and such was the reason given in Newgirg v. Black, 174 Iowa 636, 643, 156 N. W. 708, 710; and under a statute similar to ours the Indiana court, in Tennant v. Hulet, 65 Ind. App. 24, 36, 116 N. E. 748, 752, holds that:

"* * * the legislature intended, by said sections, to enact a statute of repose, limiting the remedy of the mortgagee,

and also to bar his right in the mortgage lien, after a period to be ascertained by reference to the mortgage record'' and that the statute should be construed in harmony with the rule that the barring of the debt bars the right of foreclosure.

 That when a debt is barred by the statute of limitations the remedy upon the mortgage is also barred has been many times held by this court. In the case of Jarl v. Pritchett, 190 Iowa 1268, 1272, 179 N. W. 945, 946, recovery was denied, and the court said:

"Under the statutes of this state, the debt is regarded as the principal thing, and the mortgage as a mere incident thereto; and consequently, when the debt is barred, the remedy upon the mortgage also is barred." Citing Gower v. Winchester, 33 Iowa 303; Clinton County v. Cox, 37 Iowa 570, and quoting from the latter case:

" 'A mortgage conveys no interest in or title to lands, but is simply a lien thereon for the purpose of securing the indebtedness which is its foundation. It is an incident—a security, in the nature of a lien—of the debt. It survives until the debt be paid or discharged, or the mortgage is released. It is a convoy, bearing a lien for the protection of the debt; and, as long as that exists, it is not relieved of the duty of protection, or rendered ineffective for that purpose. When the debt is discharged or, by operation of law, may no longer be enforced, its functions terminate, and not before.' "

See also, Newgirg v. Black, supra, holding that the mortgage is but an incident of the debt; Day v. Baldwin, 34 Iowa 380; Fitzgerald v. Flanagan, 155 Iowa 217, 135 N. W. 738, Ann. Cas. 1914C, 1104, and cases cited therein. In the latter case, in an opinion by Justice Deemer, the question is exhaustively discussed and the court held, in line with previous authorities, that, the mortgage being a mere incident to the debt, it is as a general rule extinguished when the debt for which it is given is barred by the statute of limitations.

We are aware that this is not the holding in several states,

but this state we think is committed to the rule above given, which in our opinion seems the more reasonable, that if an action upon the debt can no longer be had—in effect, if the debt is extinguished so far as to prevent recovery thereon—a mortgage to secure such debt would be of no value. Our holding must be that the court rightly held that plaintiff's right of action was barred by the statute of limitations.

3. So holding, there is no occasion to consider the objection made by plaintiff in his reply to the decree quieting title in defendant.

The decree of the district court is, therefore, affirmed.— Affirmed.

SAGER, MILLER, MITCHELL, STIGER, BLISS, and OLIVER, JJ., concur.