**WILLOW TREE INVESTMENTS, INC., Appellee,**

v.

**Earl F. WILHELM, Marilyn P. Wilhelm, Earl F. Wilhelm and Marilyn P. Wilhelm d/b/a Wilhelm Galaxy Homes, Appellants,**

**Spahn and Rose Lumber Co., Ileen Hoeger, Donald C. Meyer, Richard L. Meyer, James V. Meyer, Kenneth L. Meyer, St. Paul Fire and Marine Insurance Company.**

No. 89–2104.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1990.

Decided April 19, 1991.

Diane Kutzko, Cedar Rapids, Iowa, for appellants.

Michael J. Cunningham, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and BEAM, Circuit Judge, and HANSON *, District Judge.

BEAM, Circuit Judge.

In this action for foreclosure of several deeds of trust, Earl and Marilyn Wilhelm appeal from the district court's order of summary judgment in favor of Willow Tree Investments. Because Iowa Code Ann. § 614.21 (West 1950) bars foreclosure of the deed of trust granted by the Wilhelms on their homestead, we reverse in part and remand.

On July 19, 1966, Earl and Marilyn Wilhelm executed a deed of trust covering their homestead to the Dyersville National Bank. The deed of trust was recorded on July 20, 1966, and secured a principal indebtedness of $13,500. The accompanying promissory note, also dated July 19, 1966, which was not filed of record, provided for a maturity date of July 19, 1976. The deed of trust itself contained no maturity date of the indebtedness but specifically secured future debt. The Wilhelms later executed three extension agreements concerning the indebtedness which were also not recorded. The first agreement extended the maturity

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern/Southern Districts of Iowa, sitting by designation.

date of the original note to August 15, 1981, the second to January 1, 1985, and the third to January 1, 1988. The Wilhelms also executed a series of deeds of trust involving non-homestead property to secure a total indebtedness of $580,599.63.

The Federal Deposit Insurance Corporation (FDIC), as successor in interest to the Dyersville National Bank, brought an action to foreclose these deeds of trust on January 27, 1988. Willow Tree, an assignee of the FDIC, was substituted as the real party in interest on September 7, 1988, and sought summary judgment on September 14, 1988. The Wilhelms resisted summary judgment only as to the 1966 deed of trust. They argued that Willow Tree could not foreclose on that deed of trust because Iowa Code Ann. § 614.21 bars foreclosure of a mortgage more than twenty years after its execution unless extensions of the underlying obligations of the mortgagor appear of record. The district court, however, granted summary judgment for Willow Tree by Order of June 7, 1989, finding that section 614.21 did not apply "due to the extension agreements executed by the Wilhelms." Order, No. C 88–1001, June 7, 1989, at 3.

On appeal, the Wilhelms argue that the 1966 deed of trust cannot be foreclosed because of the twenty-year statute of limitation found in section 614.21. Since the recorded deed of trust does not show a date of maturity, and since the three extension agreements were not recorded, the ten-year period of limitation running from the date of maturity of record is not applicable. For their interpretation of section 614.21, the Wilhelms rely on *Ramiller v. Ramiller*, 236 Iowa 323, 18 N.W.2d 622 (1945), in which the Iowa Supreme Court prohibited foreclosure of a mortgage dated more than twenty years before the action for foreclosure. Ramiller and the mortgagee bank had executed an agreement extending a note for five years, but the extension agreement was not recorded. Following Ramiller's death, the mortgagee brought an action for foreclosure against Ramiller's heirs. The Iowa court held that the action was barred because the statute was a special limitation "subject only to the

exceptions contained [within] itself," 18 N.W.2d at 625, and because the twenty-year period of limitation could not be avoided where the extension was not "shown *by the record of the mortgage*." *Id.* at 624. Hence, the Iowa court held that the ten-year period of limitation was not applicable since no date of maturity appeared of record. *Id.*

Willow Tree argues that failure to record the note extension agreements does not preclude foreclosure of the mortgage within a ten-year period after the agreed maturity date (January 1, 1988) since the Wilhelms intended the extensions to be effective between the parties even though not recorded. Thus, Willow Tree argues that *Ramiller* does not extend beyond its facts (that is, prohibiting a mortgage foreclosure against a third party) to prohibit foreclosure by a mortgagee against the original mortgagor.

> [T]he *Ramiller* case does not stand for the proposition that an agreement by a mortgagor and mortgagee to extend the effectiveness of a mortgage and the debt can be abrogated by the mortgagor due to the failure by either party to record the extension. Neither does it reject the time honored rule that an agreement is valid and binding between the parties though it be neither acknowledged or recorded.

Brief for Appellee at 11. Hence, Willow Tree argues that the twenty-year statute of limitation in section 614.21 does not apply between the mortgagor and mortgagee to prohibit foreclosure of a mortgage or deed of trust where extension agreements are executed by the parties, even though not recorded.

Because we thought that the application of *Ramiller* to the facts of this case presented an important question of Iowa law, we certified the following to the Iowa Supreme Court: "Do the periods of limitation or repose provided in Iowa Code Ann. § 614.21 (West 1950) apply so as to preclude an action between mortgagor and mortgagee to foreclose a mortgage dated more than twenty years before the commencement of the action for foreclosure,

where extension agreements concerning the underlying indebtedness were executed between the mortgagor and mortgagee, but were not recorded?"

In *Willow Tree Investments v. Wilhelm,* 465 N.W.2d 849 (Iowa 1991), the Iowa Supreme Court held that *Ramiller,* which the court noted did not involve third-party purchasers but rather heirs of the original mortgagor, controlled its answer to our question. Because "an heir's interest in descended property is identical to the interest which was held by his ancestor," *id.* at 851, the Iowa Supreme Court could "see no reason for distinguishing between mortgagors and the heirs of a mortgagor in the application of Iowa Code section 614.21." *Id.* at 852. Thus, the court answered our certified question in the affirmative.

The opinion of the Iowa Supreme Court effectively decides the only issue in this appeal. That part of the foreclosure action brought by Willow Tree against the Wilhelm's homestead is barred by section 614.-21. Accordingly, the judgment of the district court is reversed and remanded with instructions to modify that part of the judgment relating to the Wilhelm's homestead. In addition, the order of this court dated April 10, 1990, staying the statutory period of redemption, is dissolved.