Arnold P. VOSSEN, Appellant,

v.

Kenneth R. PARKER, Respondent,

Jerry R. Nesser, et al., Defendants.

No. C6–99–1666.

Court of Appeals of Minnesota.

April 25, 2000.

Donald H. Walser, Kraft, Walser, Hettig Honsey, PLLP, Hutchinson, MN (for appellant).

Raymond R. Waechter, Willmar, MN (for respondent).

Considered and decided by
PETERSON, Presiding Judge,
SCHUMACHER, Judge, and
ANDERSON, Judge.

## OPINION

SCHUMACHER, Judge.

Appellant Arnold P. Vossen executed a mortgage and promissory note in favor of respondent Kenneth R. Parker. More than 15 years later, Parker began foreclosure proceedings. Vossen sued, claiming that the statute of limitations barred the foreclosure. The district court enjoined the foreclosure proceedings. Vossen sought partial summary judgment; the court denied the motion. After a jury trial, the court granted judgment for Parker and dissolved the injunction. After amended findings and an amended judgment, Vossen appealed. We reverse.

## FACTS

The parties have stipulated to the following relevant facts through an agreed statement of facts pursuant to Minn. R. Civ.App. P. 110.04:

On January 22, 1982, Vossen and his spouse executed a mortgage on their homestead in favor of Parker. The mortgage did not recite the maturity date. It did, however, refer to a promissory note date "of even date herewith due and payable, as per the terms of said Note." The promissory note, executed the same day, provided that payment was due in 12 months.

On October 7, 1997, Parker began foreclosure proceedings. Parker thus began foreclosure proceedings more than 15 years after the date of the mortgage. Parker did, however, begin foreclosure proceedings within 15 years of the maturity date shown on the promissory note.

## ISSUE

Did the court err by deciding that the statute of limitations found in Minn.Stat. § 541.03 did not bar the foreclosure?

## ANALYSIS

On an appeal from summary judgment, we ask whether there are any genuine issues of material fact in dispute and whether the trial court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). We review de novo the district court's interpretation of the law. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990).

Minnesota's statute of limitations for mortgage foreclosures, Minn.Stat. § 541.03, provides as follows:

**Subdivision 1. Limitation.** No action or proceeding to foreclose a real estate mortgage, whether by action or

advertisement or otherwise, shall be maintained unless commenced within 15 years from the maturity of the whole of the debt secured by the mortgage[.]
* * *

**Subd. 2. When time begins to run; commencement of proceedings.** The time within which any such action or proceeding may be commenced shall begin to run from the date of such mortgage, unless the time of the maturity of the debt or obligation secured by such mortgage shall be clearly stated in such mortgage. * * *

Minn.Stat. § 541.03 (1998). Vossen contends that because, as the parties stipulated, the mortgage does not recite the maturity date, the statute of limitations runs from the date of the mortgage. Parker contends that the limitation period runs from the maturity date because "the terms of the Promissory Note were incorporated into the Mortgage by reference."

The statute provides that the limitation period runs from the date of the mortgage unless the maturity date is "clearly stated in such mortgage." *Id.* As the parties agree, the maturity date cannot be found "in" the mortgage, much less clearly stated there. The maturity date can only be found "in" the promissory note. The Minnesota Supreme Court has observed that "[t]he decisions of this court clearly establish that a mortgage and a note are separate and independent contracts, different in their nature and purpose." *Lundberg v. Northwestern Nat'l Bank*, 299 Minn. 46, 48, 216 N.W.2d 121, 123 (1974). Given that Minnesota law recognizes the distinctness of the two documents, it is difficult to understand how the recitation of a maturity date in the promissory note can satisfy the requirement that the date be "clearly stated in [the] mortgage."

■ The statute contains no language allowing the maturity date to be incorporated into the mortgage through another document. Parker's theory that the mortgage incorporated the terms of the promissory note thus can be countenanced only

by "adding words to the statute, something which this court is prohibited from doing." *Ullom v. Independent Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn.App.1994). "We cannot supply what the legislature 'purposely omits or inadvertently overlooks.'" *Renstrom v. Independent Sch. Dist. No. 261*, 390 N.W.2d 25, 27 (Minn. App.1986) (quoting *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971)).

■ When the words in a statute are clear and unambiguous, a court must give effect to the plain meaning of the language. *Tuma v. Commissioner of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn.1986). Section 541.03 plainly provides that the statute of limitations for a foreclosure action begins on the date of the mortgage unless the maturity date is "clearly stated in such mortgage." The maturity date is not stated at all in Vossen's mortgage. As a result, the 15-year statute of limitations applies, and because more than 15 years elapsed before Parker began foreclosure proceedings, the foreclosure is time-barred.

■ The purpose of the statute also supports this interpretation. Although there is little Minnesota caselaw interpreting the statute, other states with similar statutes have explained that the purpose of such statutes is to improve the marketability of title by eliminating possible ancient clouds on title and preventing stale claims. *See, e.g., Ramiller v. Ramiller*, 236 Iowa 323, 330, 18 N.W.2d 622, 625–26 (1945) ("The statute in question was evidently designed *to make the record show* to all whether or not any given mortgage was valid and enforcible.") (quotation and citation omitted).

In this case, the mortgage was recorded, but no evidence in the record indicates that the promissory note was recorded. As a result, had a prospective purchaser sought to determine in 1997 whether the recorded mortgage on the Vossen homestead was more than 15 years past its

maturity date, the purchaser would not have been able to do so because the promissory note was not in the public record. That is exactly the type of cloud on title that the legislature intended to prevent when enacting section 541.03 (and its predecessor statutes). In contrast, interpreting the statute as we do allows any person inspecting public records to determine without doubt the viability of an old mortgage. *Cf. Miller v. Snedeker*, 257 Minn. 204, 215 n. 4, 101 N.W.2d 213, 222 n. 4 (1960) ("Minnesota Standards for Title Examinations, No. 25, provides: 'An examiner may disregard an unsatisfied mortgage of record, when 15 years have elapsed since its maturity,' referring to § 541.03.").

The district court relied upon, and Parker argues, the fact that this action is between the original parties to the mortgage and promissory note, who all had access to and actual notice of the maturity date stated on the note. Under these circumstances, the district court said, it would be unjust to allow Vossen to take advantage of the statute of limitations. But the purpose of the statute is to prevent clouds on title by requiring that the enforceability of a mortgage be ascertainable from the mortgage itself. Actual notice is thus legally irrelevant: the statute requires the mortgagee to put the world on constructive notice by including in the mortgage itself the information necessary to evaluate its longevity. *Cf. Driessen–Rieke v. Steckman*, 409 N.W.2d 50, 52 (Minn.App.1987) (applying section 541.03 to bar enforceability of mortgage between original parties). Parker failed to do that, and the statute thus requires that the limitation period run from the date of the mortgage.

## DECISION

Because the plain language of section 541.03 bars the enforceability of this mortgage, the district court erred in denying Vossen's motion for partial summary judgment.

**Reversed.**