## WILLITS v. THE CHICAGO, BURLINGTON AND KANSAS CITY RAILWAY COMPANY.

**Evidence**: PLEADING: LIMITATION OF ACTIONS: INSTRUCTION. In an action for the obstruction of surface water by the embankment of defendant's railroad, where the answer was a general denial and a plea of the statute of limitations, and there was no reply, it was error to admit evidence tending to show, for the purpose of avoiding the plea of the statute, that defendant had, until within a short time before the action was begun, maintained a ditch to convey the water away. The matter in avoidance of the statute should have been pleaded if relied upon. (See Code, sec. 2665.) As the testimony was not properly admitted, an instruction based thereon was also erroneous.

*Appeal from Van Buren District Court.*—HON. CHAS. D. LEGGETT, Judge.

FILED, JUNE 5, 1890.

ACTION for damage because of overflow of plaintiff's lands, caused by the construction of defendant's road. Judgment for plaintiff, and defendant appeals.

*Sloan, Work & Brown* and *H. H. & Palmer Trimble,* for appellant.

*Wherry & Walker,* for appellee.

GRANGER, J.—In 1871 the Burlington and Southwestern Railway Company constructed its line of road across the lands of the plaintiff, and the petition sets

out that because of such construction an embankment
was made "which prevents the surface and other waters
coming on said lands * * * from flowing off the
same in its natural course, and causes the same to col-
lect upon, and flow back and over, plaintiff's meadow
and other lands; and that the defendant has so
constructed said embankment as to cause the water to
collect and remain upon plaintiff's lands, thus causing
a nuisance, and greatly damaging and injuring the use
and occupation of * * * said lands." It is also
averred that such damage has continued for more than
five years, and asks for damage resulting within five
years. The answer is a denial, and avers the construc-
tion of the road in 1871, and that the embankment
complained of was then made, and has since been con-
tinued, and that the defendant company bought the
road in February, 1882, and claims that the cause of
action is barred because more than five years have
elapsed since it occurred. Evidently with a view to
avoid the effect of defendant's plea of the statute,
the plaintiff gave evidence showing that, soon after
the construction of the road, a ditch was opened on the
company's right of way, through which the water from
plaintiff's land would run to a creek, and that this
ditch was continued by being opened from time to time
to within a year, or less, before the commencement of
the suit, but it appears that the ditch was not sufficient
to prevent the overflow complained of. The evidence
on this point was admitted against objections of the
defendant, and, as applicable to this testimony, the
court gave the following instruction: "5. Evidence
has been admitted tending to show that the embank-
ment of the railroad has obstructed the passage of sur-
face water from plaintiff's adjoining lands every year
since the road was built across the lands. But before
you consider the question whether such obstruction of
the surface water has been established by the evidence,
or come to the question of damages at all, you should
first settle the question whether the defendant and its
predecessor, the Burlington and Southwestern Railway

Company, attempted to make a way for the surface water, if any, obstructed by the embankment, to escape from the plaintiff's lands without injuring them; for, unless the Burlington and Southwestern Railway Company did in fact attempt to make an escape for such water when it built the embankment, or soon afterwards, by a ditch on the north side of the embankment, the plaintiff's cause of action, if good, would be barred at the end of five years from the time the first injury, if any, was done to his land by the embankment. And, unless the defendant continued such effort to relieve the lands, if such effort has been shown, by continuing the ditch or keeping it open for the purpose of carrying away the surface water, if any, obstructed by the embankment from running away from plaintiff's lands, after it took possession of the railroad, the plaintiff's cause of action, if a good one, is barred by the statute of limitations; and your verdict should be for the defendant."

In argument there seems to be some misapprehension of the court's purpose in giving the instruction, and the argument dwells upon the theory that, by the rulings in admitting the testimony and giving the instruction, the court allowed a recovery because of a failure to keep open the ditch, instead of because of the construction of the embankment under the allegations of the petition. It is true the cause of action is not for a failure to maintain the ditch, but for an improper construction of the embankment, and, as we view the court's instruction, the purpose was to confine the jury to such a recovery; but by the instruction it gave a rule that would avoid the operation of the statute of limitations, based on the conduct of the defendant in making the ditch or escape for the water, and afterwards attempting to maintain it. No such issue was presented by the pleadings. To the introduction of testimony to show such facts the defendant objected, and urges the action of the court in admitting it as error. As the action is based on the construction and effect of the embankment, under the allegations of the petition, the general denial

only made it necessary for plaintiff to prove the con-struction, and the overflow as a result. The fact of the ditch in this respect was unimportant and immaterial. The plea of the statute of limitations was defensive and affirmative. If plaintiff sought to avoid the plea of limitations by the facts as to the ditch, it was matter in avoidance and proper for reply, without which it was not admissible. No reply was filed, and hence the testimony should not have been admitted. See Code, sec. 2665. Without the testimony as a basis for the instruction, it had nothing on which to rest, and, of course, should not have been given. As it seems unlikely that another trial will present other questions argued, we do not consider them.          REVERSED.