H. E. NEWTON, Administrator c. t. a.; AMERICAN SURETY COMPANY OF NEW YORK, Appellant, v. ESTHER L. KNOX et al., Appellees.

No. 46396.

April 4, 1944.

Rehearing Denied June 9, 1944.

Stipp, Perry, Bannister & Starzinger, of Des Moines, for appellant.

R. K. Craft, of Adel, and Batschelet & Vincent, of Guthrie Center, for appellees.

WENNERSTRUM, J.—Plaintiff, the administrator with the will annexed of the estate of David K. Sarbaugh, brought an action in equity to foreclose a note and mortgage held by decedent's estate. In anticipation of a plea of the statute of limitations, the plaintiff's petition and amended and substituted petition set forth the fact that during a portion of the time since the note and mortgage had been given to administrator's deceased it was held by Carl P. Knox, previously named as one of the executors. It is claimed in argument that the statutory limitation as to the bringing of an action after a certain period would be tolled during the period of time that Knox, as one of the executors, held the note and mortgage. It is contended that it was his duty, as one of the executors, to collect from himself as an individual, and that the statute of limitations did not run during the period he held the note and mortgage in his official capacity. Other defenses, which will be commented upon later, were interposed by the defendants. The trial court held for the defendants and dismissed the plaintiff's action. The American Surety Company, as substituted plaintiff, and to which the note and mortgage had been assigned, has appealed.

The appellees are the wife of Carl P. Knox and his daughter and daughter-in-law and their respective husbands. The land covered by the mortgage had been conveyed to Knox's wife and thereafter in separate parcels to the daughter and daughter-in-law. These appellees, in their respective answers and in their amended and substituted answers in the foreclosure proceedings, stated in substance that (1) the suit was barred by the statute of limitations, section 11007(6) of the 1939 Code, it being alleged that the foreclosure action was brought more than ten years after the due date of the note (2) that the suit was barred by the statute of limitations, section 11028 of the 1939 Code, which relates to "ancient mortgages" (3) that in prior probate proceedings in the estate of David K. Sarbaugh, deceased, there was a decision relative to an accounting of Carl P. Knox as executor of this estate and it is claimed that this decision is res judicata on the question of the bar of the statute of limitations as to the note and mortgage involved in the present foreclosure proceeding (4) that a settlement had between H. E. Newton, as administrator with the will annexed of the estate of David K. Sarbaugh, de-

ceased, and the American Surety Company, surety on the bond of Carl P. Knox, as executor of decedent's estate, wherein there were assigned to the surety company the note and mortgage herein sued on, constituted a payment of the note involved in this action (5) that the court was without jurisdiction of that part of the land located in Adair county, because suit was brought in Guthrie county where a part of the mortgaged land was located. As previously stated, the lower court dismissed appellant's petition and, in a written opinion filed, held that inasmuch as the appellant had failed to file a reply to appellees' answer he had failed to plead to the appellees' plea of the statute of limitations. The trial court also held for the appellees on their plea of res judicata but held against the appellees on their contention that the court had no jurisdiction on the land in Adair county.

A statement of other facts relative to this litigation is essential to a full discussion of the legal propositions involved in this appeal.

On March 1, 1921, Carl P. Knox signed a promissory note made payable to David K. Sarbaugh in the amount of $8,500, which note was due March 1, 1926. This note was secured by a real-estate mortgage covering land which was located in Guthrie and Adair Counties, Iowa. The note and mortgage were also signed by Viola A. Knox, the wife of Carl P. Knox. On January 3, 1925, Carl P. Knox deeded the mortgaged land to his wife, Viola A. Knox, in which deed was incorporated the statement, "Subject to a mortgage now of record of Eighty-five Hundred & no/100 ($8500.00) Dollars, with interest thereon from March 1st, 1925, which said mortgage the grantee does not assume or agree to pay and shall not be personally liable for the same." On December 31, 1932, Viola A. Knox, in a deed joined in by Carl P. Knox, conveyed to Esther L. Knox, daughter-in-law, portions of the mortgaged real estate located in Adair and Guthrie counties, and in which deed there was included the statement, "subject to incumbrances now of record, which the grantee does not assume or agree to pay." On January 2, 1933, Viola A. Knox, in a deed joined in by Carl P. Knox, conveyed to a daughter, Martha Ellen Knox Lovejoy, portions of the land covered by the original mortgage, and in said deed it was stated

that it was "subject to incumbrances of record which the grantee does not assume or agree to pay."

David K. Sarbaugh died on or about December 2, 1934, and shortly thereafter Carl P. Knox and Eliza Sarbaugh, decedent's widow, were appointed joint executor and executrix of the Sarbaugh estate. Eliza Sarbaugh died on or about December 20, 1935, and thereafter Carl P. Knox acted as sole executor of the David K. Sarbaugh estate until December 29, 1940, at which time Knox died. The note and mortgage which are involved in this foreclosure proceeding came into the hands of Carl P. Knox, the executor, after his appointment. He did not make any attempt to collect this indebtedness or take any action relative to the preservation of the lien. In the estate proceedings he listed the debt as the note of Viola A. Knox.

On October 29, 1940, Carl P. Knox was ordered to turn over to H. E. Newton, as administrator with will annexed of the estate of David K. Sarbaugh, deceased, the balance due on the note and mortgage, the same being in the amount of $4,585. The American Surety Company, who was surety on Knox's executor's bond, appealed to this court and obtained an order giving it the right to prosecute the appeal. The judgment of the lower court was affirmed. In re Estate of Sarbaugh, 231 Iowa 320, 1 N. W. 2d 105.

On February 7, 1941, H. E. Newton, as administrator with the will annexed of the Sarbaugh estate, filed a petition in the district court of Guthrie County, Iowa, asking for a judgment on the note dated March 1, 1921, alleging that it had been given by Carl P. Knox to David K. Sarbaugh, and asked foreclosure of the mortgage given as security for the note heretofore mentioned, and particularly asked for judgment in rem against the appellees' interest in the land covered by the mortgage for the balance then due of $4,649.66. In the original petition filed Esther L. Knox, the daughter-in-law, and C. Brinton Knox, a son and the husband of Esther L. Knox, and Viola A. Knox, the wife of Carl P. Knox, were named defendants and an original notice was served on them on February 7, 1941. On June 21, 1941, appellant filed an amended and substituted petition making Martha Ellen Knox Lovejoy and her husband, J. E. Lovejoy, parties defendants. Notice was served upon these defendants

by publication inasmuch as they were nonresidents of the state of Iowa.

Prior to the submission of this case to the trial court on its merits the appellees filed separate motions to dismiss, setting out in part that the action brought by the administrator with the will annexed was barred by the statute of limitations. These motions were overruled by the court to which they had been submitted. Following the overruling of these motions the appellees filed their respective answers, wherein they again pleaded the defenses that the cause of action sued on was barred by the statute of limitations, both because of section 11007(6) and section 11028 of the 1939 Code. It should be stated that prior to the final submission of the foreclosure action the appellant had not filed any reply to the allegations in the appellees' answers which alleged that the appellant's action was barred by the several statutes of limitations. Thereafter the trial court filed a ruling, to which reference has heretofore been made. Following the filing of the court's ruling the appellant filed in the trial court a reply to appellees' answer, in which matters in avoidance of appellees' plea of the statute of limitations were set out. These allegations were substantially the same as those in appellant's petition and substituted and amended petition. Subsequent to the filing of appellant's reply judgment was entered by the trial court dismissing plaintiff's action.

I. As heretofore stated, one of the contentions of the appellees is that the debt sued on is barred by the statute of limitations. The particular statute to which reference is made is section 11007(6) of the 1939 Code, which states in substance that actions founded on written contracts must be brought within ten years. The other statute of limitations which the appellees contend is controlling in this case is section 11028 of the 1939 Code, which provides in substance that no actions shall be maintained to foreclose any real-estate mortgage after twenty years from the date thereof unless the record of such instrument shows that less than ten years have elapsed after the maturity of the indebtedness. In the action brought by the appellant he sought to avoid the provisions of these two statutes of limitations by pleading facts in avoidance of them. The appellees in the lower court pleaded as a defense the statute of limitations and, as

previously stated, the appellant filed no reply until after the court had filed its memorandum opinion. The court in its opinion based its decision, in part, upon the failure of the appellant to reply to the contentions of the appellees as to the statute of limitations, even though he had pleaded matters in avoidance of the statute in his original and substituted petition. We shall now give consideration to this particular portion of the lower court's holding.

Section 11156 of the 1939 Code, which is applicable to this appeal, states in substance that a reply is necessary (1) where a counterclaim is alleged and (2) where some matter is alleged in the answer to which the plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer. Rule 73 of the Iowa Rules of Civil Procedure effective July 4, 1943, is not applicable in our consideration of this particular issue.

The matters which the appellant pleaded in his original petition and substituted petition relative to the avoidance of the statute of limitations are the same as were later pleaded in the reply filed subsequent to the submission of this case to the trial court. Court procedure must be guided by certain rules. However, the application of them must be made in a way that it cannot be said that the courts are more concerned in the strict application of the rules than they are in the desire to pass upon the real issues involved in the pleadings. The issues which were presented in the original and substituted petition and in the answers particularly stated the theories that were in the minds of the pleader for the appellant and the appellees. Nothing was added by the filing of a reply setting up the same contentions made by the appellant in its petition and substituted petition. The reply, when filed, did not clarify the issues in any way. We do not see where any violence is done to the requirements of section 11156 by the failure to file the reply. We feel that this case should not be decided upon this narrow ground.

It is contended that this present case is controlled by Lawrence v. Melvin, 202 Iowa 866, 868, 211 N. W. 410, 412. In that particular case, it is true, this court held the failure of the plaintiff to reply to an amended answer wherein the

statute of limitations was pleaded was determinative of the case, inasmuch as the plaintiff had filed a motion to strike the amended answer rather than to reply to it. However, we do not feel that under the pleaded facts in the present case it can be held to be controlling, inasmuch as this last-cited case, inferentially, if not directly, holds that a plea in avoidance of a statute of limitations need not be pleaded in any particular manner. It is there stated:

"Likewise, the burden was upon appellee to allege and prove any facts relied upon by him to avoid the bar of the statute." (Citing cases.)

It is also asserted in appellees' argument that the case of Willits v. Chicago, B. & K. C. R. Co., 80 Iowa 531, 45 N. W. 916, is authority for the holding that a reply was necessary in the instant case. We cannot reach this same conclusion. It is true that in the cited case this court held, under a different set of facts as relates to the pleadings, that a reply was necessary. But the cited case did not hold that a plea of avoidance could only be made in a reply. If this court were to so hold, no pleader, under circumstances such as are presented in the instant case, could plead matters that would prevent the sustaining of a demurrer to his petition. For us to say that it is necessary for a pleader to repeat in a reply matters that have been presented in a petition would place greater emphasis on the requirement of a reply than on the facts disclosed by the petition and an answer.

That this court has anticipated that a plaintiff might plead matters in avoidance of the statute of limitations in its petition is found in Winney v. Sandwich Mfg. Co., 86 Iowa 608, 610, 53 N. W. 421, 422, 18 L. R. A. 524, where it is stated:

"Hence it appears from the allegations of the substituted petition that from 1885 to 1889 no action could have been brought against the defendant in this state. The substituted petition, thus showing on its face that the action was not barred, was not vulnerable to a demurrer, and hence the motion to strike was properly overruled, so far as it was based on the defense of the statute of limitations."

That this court has given consideration to the nonnecessity of a pleading of certain facts in a reply is found in the case of Bayliss v. Murray, 69 Iowa 290, 292, 28 N. W. 604, 605, where we said:

"We are of the opinion, however, that defendant was not prejudiced by the refusal of the court to strike the reply from the files. No new issue was raised by that pleading, but every fact alleged in it could have been shown under the issue raised by the answer."

That the general rule is that a reply is not necessary or essential in a situation such as is presented in this case is evidenced by the statement found in 34 Am. Jur. 343, section 437, where it is stated:

"However, where the plaintiff in his complaint, petition, or declaration anticipates the defense of the statute of limitations by alleging facts showing that the cause of action accrued within the statutory period, or by alleging an exception to the statute or other matter in avoidance, it has generally been held not to be necessary for him to reply to an answer in which the defendant, in addition to pleading the statute of limitations, denies the allegations of the complaint."

A further holding to this effect is found in Green's Administrator v. Smith, 234 Ky. 448, 453, 28 S. W. 2d 494, 496, where it is stated:

"The rule is well settled that where the plaintiff anticipates a plea of limitation in this way and an issue is made by the answer thereon, no reply to the plea of limitation is necessary." (Citing cases.)

We find in Matteson v. Ackerson, 104 Mont. 239, 247, 66 P. 2d 797, 800, 115 A. L. R. 750, a significant statement, which we think is applicable to the question that is now before us. It is there stated:

"Thus it is plain here that a replication, in the face of the allegations already made, could have served no practical purpose. There was nothing new in the answer which was not already in issue. It would have been a mere idle act, the neces-

sity of which had been obviated by the pleading of the circumstances from which the new promise was implied, and upon which his recovery was predicated.''

Attention is also called to the annotations found in 115 A. L. R. 762. Our study of these annotations and cases therein referred to, and the quoted portions of the statutes of the several states incorporated in these opinions, has caused us to conclude that our statutes are, in a general way, similar to the ones therein commented upon. The general holding under circumstances such as are here presented is that a reply is not necessary and we so hold in this particular case. See, also, cases referred to in annotations noted in 115 A. L. R. at pages 777–779.

■ II. The question whether the note and mortgage involved in this litigation are barred either by the general statute of limitations, section 11007(6), or by the special statute dealing with ancient mortgages, section 11028, both of the 1939 Code, necessitates our consideration of several propositions. It should be kept in mind that the note and mortgage were executed March 1, 1921, and became due March 1, 1926. It is apparent that at the time this foreclosure action was commenced more than ten years had elapsed since the note and mortgage became due, and unless there are circumstances which have tolled the general statute of limitations the note would be barred under Code section 11007(6). It is also apparent that more than twenty years had elapsed from the date of the mortgage before the court acquired jurisdiction of all the necessary parties. This is true as to Martha Ellen Knox Lovejoy and J. E. Lovejoy, her husband. The amended and substituted petition wherein these last-named persons were made parties was filed June 21, 1941, and service of notice on them by publication was completed on October 2, 1941. We must also give consideration to the question whether or not there are any circumstances presented in this record that extend the life of this mortgage by reason of any of the statutory exceptions set out in section 11028. The facts presented in this case also necessitate our consideration of the issue presented by reason of Carl P. Knox having acted in a fiduciary capacity as one of the executors holding the security given by him, and whether, by reason of this fact, the statute was tolled both as to the general statute of limitations under section

11007(6) and the special statute as to "ancient mortgages" found in section 11028.

We shall first give consideration to the facts relating to Carl P. Knox holding his own note and mortgage as one of the executors of the estate of David K. Sarbaugh, deceased, and as to what effect this had upon the tolling of the general statute of limitations. If the statute was not tolled the note would have been outlawed March 1, 1936. In the month of January 1935, Carl P. Knox and Eliza Sarbaugh were appointed as executor and executrix of the Sarbaugh estate. Eliza Sarbaugh died approximately one year after her appointment and Carl P. Knox thereafter acted as sole executor of this estate until on or about October 29, 1940, when an order was entered directing him, as executor, to turn over to H. E. Newton, as administrator with will annexed, the assets of the Sarbaugh estate. During the time that Knox was acting as executor we hold that the general statute of limitations as noted in section 11007(6) of the 1939 Code was tolled.

This was the holding in the case of In re Estate of Parker, 189 Iowa 1131, 1144, 179 N. W. 525, 530, where, in regard to a similar situation, we made the following statement:

"The indebtedness of himself as an individual was payable to himself in his fiduciary capacity. The statute of limitations does not apply in such a case." (Citing cases.)

See, also, 34 Am. Jur. 333, section 421; and annotations in 130 A. L. R. 62.

In section 11028 of the 1939 Code, it is stated that no action shall be maintained to foreclose any real-estate mortgage after twenty years from the date thereof:

"* * * unless the record of such instrument shows that *less than ten years have elapsed since the date of maturity of the indebtedness or part thereof,* secured thereby, or since the right of action has accrued thereon, or unless the record shows *an extension of the maturity of the instrument or of the debt or a part thereof, and that ten years from the expiration of the time of such extension have not yet expired.* The date of maturity, when different than as appears by the record of the instrument, and the date of maturity of any extension of said

indebtedness or part thereof, may be shown at any time prior to the expiration of the above periods of limitation by the holder of the debt or the owner or assignee of the instrument filing an extension agreement, duly acknowledged as the original instrument was required to be acknowledged, in the office of the recorder where the instrument is recorded, or by noting on the margin of the record of such instrument in the recorder's office an extension of the maturity of the instrument or of the debt secured, or any part thereof; each notation to be witnessed by the recorder and entered upon the index of mortgages in the name of the mortgagor and mortgagee.'' (Italics supplied.)

The section last quoted prescribes limitations on the foreclosure of ancient mortgages and sets out the exceptions. This is a special statute of limitations. This particular enactment does not provide for a tolling of an ''ancient mortgage'' during the time that a note or mortgage given by an individual is held by an estate of which he is executor or administrator. A special statute of limitations, such as is section 11028, is for the purpose of clarifying titles, and unless the facts come within the exceptions set out in that section we cannot hold that the provisions are applicable. Monast v. Manley, 228 Iowa 641, 644, 293 N. W. 12.

In Lackey v. Melcher, 225 Iowa 698, 703, 281 N. W. 225, 227, it is stated:

''* * * because the exception contained in section 11018 appears in the chapter on limitations of actions under the subtitle 'General Provisions,' it applies only to the statute of limitations found under that heading; and that, as the limitation provided in section 11028 appears under the subtitle 'Special Limitations,' it is not subject to the exceptions contained in section 11018, but is subject only to the exceptions contained in section 11028 itself. With this contention * * * we are inclined to agree.'' (Citing cases.)

It is advisable to here state that section 11018, referred to in the last-cited case, sets out the manner in which causes of action founded on contract are revived by an admission in writing. We should also keep in mind that this last-referred-to

Code section has no application to the question we have under consideration in this case. However, it is important to note, as is stated in Lackey v. Melcher, supra, that section 11028 is subject only to the exceptions contained in that section. We have heretofore held that the general statute of limitations was tolled as to the note, but there are no circumstances disclosed in the record presented to us that bring the present case within the exceptions found in section 11028.

See, also, Hootman v. Beatty, 228 Iowa 591, 595, 293 N. W. 32.

Since the general statute of limitations was tolled during the time Knox was acting as executor, the enforcement of the indebtedness and the mortgage lien was not barred by the general statute. Consequently, we hold that the mortgage lien on the land held by Esther L. Knox and her husband, C. Brinton Knox, is not affected by the statute of limitations pleaded and the trial court was in error in so holding. However, inasmuch as there is no showing of facts that would bring this case within any of the exceptions noted in section 11028, it is our holding that the defense interposed by Martha Ellen Knox Lovejoy and J. E. Lovejoy should have been sustained and it is our conclusion that the trial court was correct in holding to that effect.

It has been suggested in argument that the reference in the several deeds which have heretofore been set out, relative to the fact that the conveyance was subject to a certain mortgage, constituted an admission of the mortgage indebtedness. We are not compelled to here pass upon that question. The reference to the mortgage indebtedness noted in the deeds, previously referred to, is not such as to cause us to hold that they come within the exceptions in section 11028.

III. The trial court also held in dismissing appellant's action that the matter pleaded in appellant's petition and substituted and amended petition had been adjudicated in prior proceedings. This ruling was based on the fact than on October 29, 1940, the district court in Guthrie county, Judge Cooper presiding, entered an order in the probate proceedings in the estate of David K. Sarbaugh, deceased, finding that the note and mortgage were barred by the statute of limitations. In the probate proceedings objections had been filed by the heirs of

David K. Sarbaugh to an annual report of Carl P. Knox, as executor. Carl P. Knox, as executor, filed a resistance wherein he maintained that any amount due on the note and mortgage now sued on, and which was the basis to the objections to the annual report, was barred by the statute of limitations under the provisions of section 11007(6). It should be kept in mind that prior to the hearing on the annual report the mortgaged real estate had been conveyed to Esther L. Knox and Martha Ellen Knox Lovejoy and neither of these persons was a party to the probate hearing.

We have made an examination of the probate order entered in the estate proceedings of David K. Sarbaugh and we do not find that the court in its decretal portion of the order held that the mortgage lien was barred by the statute of limitations. We therefore do not find any merit in the claim that the court's holding that the probate order to which reference has been made constituted such an adjudication that we can and should hold that the matter is now res judicata. See Creel v. Hammans, 232 Iowa 95, 99, 5 N. W. 2d 169, 171, and cited cases.

■ IV. It is contended that the mortgage debt was paid by reason of the fact that after the court had held that Carl P. Knox, as executor, was obligated to pay the indebtedness due on the mortgage, and after motion for judgment had been thereafter made, the surety on the bond of Knox paid said indebtedness and there was assigned to it the mortgage held by the Sarbaugh estate. We hold that this was proper and did not constitute a payment of the indebtedness.

In the case of Ohio Casualty Ins. Co. v. Galvin, 222 Iowa 670, 672, 269 N. W. 254, 256, 108 A. L. R. 1036, we stated:

"As to the question of subrogation there can be no debate. Where a surety has paid the debt of his principal, he is entitled to be subrogated to all the rights and liabilities against the principal." (Citing cases.)

■ V. It has been contended that this action was not brought in the right county and that the court had no jurisdiction of the matter. Section 12374, of the 1939 Code, provides that an action to foreclose on real property shall be brought in the county in which the property to be affected, *or some part*

*thereof,* is situated. There can be no question that the Guthrie county court had jurisdiction of the land in that county, and under the statutory authority to which reference has been made it would have jurisdiction of the land in Adair county.

By reason of our statements and holdings heretofore set forth, the trial court is affirmed in part, reversed in part, and this cause is remanded for the entry of a decree in conformity with this opinion.—Affirmed in part; reversed in part and remanded.

All JUSTICES concur.